## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| **SHANTAVIA HART** | * |
| **233 North Douglas Court** | |
| **Baltimore, Maryland 21231** | * |
| | |
| *Plaintiff,* | * |
| | |
| **v.** | *    Civil Act. No.:12-cv-2608 |
| | |
| **PACIFIC REHAB OF MARYLAND,** | * |
| **P.A.** | |
| **1120 St. Paul Street** | * |
| **Baltimore, Maryland 21202** | |
| | * |
| **and** | |
| | * |
| **FRADKIN & WEBER, P.A.** | |
| **Suite 301 Shell Building** | * |
| **200 East Joppa Road** | |
| **Towson, Maryland 21286** | * |
| | |
| **and** | * |
| | |
| **A.J. KODECK, CHARTERED** | * |
| **2402 Caves Road** | |
| **Owings Mills, MD 21117** | * |
| | |
| *Defendants.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>CLASS ACTION COMPLAINT AND</u>
## <u>DEMAND FOR JURY TRIAL</u>

Now comes SHANTAVIA HART, ("Plaintiff"), on behalf of herself and all others similarly situated and alleges as follows:

1

**INTRODUCTION**

1.     Plaintiff SHANTAVIA HART brings this class action seeking redress for the illegal practices of defendants PACIFIC REHAB OF MARYLAND, P.A., FRADKIN & WEBER, P.A. and A.J. KODECK, CHARTERED in connection with the collection of debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (the "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq*. (the "MCDCA"); the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq*. (the "MCPA") and Maryland common law.

2.     Plaintiff and the purported class seek actual, statutory and punitive damages, attorney's fees, costs, and equitable relief pursuant to the FDCPA, MDCPA, MCPA and Maryland common law. Plaintiff requests that the practices of PACIFIC REHAB OF MARYLAND, P.A.,FRADKIN & WEBER, P.A. and A.J. KODECK, CHARTERED as described below, be declared to violate the FDCPA, the MCDCA, the MCPA and Maryland commonlaw, and that PACIFIC REHAB OF MARYLAND, P.A., FRADKIN & WEBER, P.A. AND A.J. KODECK, CHARTERED be enjoined from such conduct in the future.

3.     Each debt subject to this dispute is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA, as they allegedly arose out of personal medical treatment.

4.     Each debt subject to this dispute is a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

5.     Defendants attempted to collect the subject debt by engaging in "communications" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.

### JURISDICTION AND VENUE

6.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

7.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

8.     Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiff resides within the District of Maryland.

### PARTIES

9.     Plaintiff SHANTAVIA HART is a resident of Baltimore City, Maryland. Plaintiff is and was at all times relevant, a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and Md. Code Ann., Com Law, § 13-301(c)(1), in that Defendant sought to collect from Plaintiff an alleged debt incurred for non-business purposes. Plaintiff is a "person" as that term is defined by the MCDCA and the MCPA.

10.     Defendant PACIFIC REHAB OF MARYLAND, P.A., is a Maryland

3

domestic corporation with its principal place of business located at 1120 St. Paul Street, Baltimore, Maryland, 21202. PACIFIC REHAB OF MARYLAND, P.A. is the successor by name change to "Dr. Gober Pacific Rehab of Maryland, P.A." which in turn is the successor by name change to "Pacific Rehab of Maryland, Inc." As alleged more fully below, Defendant PACIFIC REHAB OF MARYLAND, P.A. is a creditor who, in the process of collecting its own debts, uses a name other than its own which would indicate that a third person is collecting or attempting to collect such debts.

11.    Defendant FRADKIN & WEBER, P.A. is a Maryland domestic corporation with its principal place of business located at Suite 301 Shell Building, 200 East Joppa Road, Towson, Maryland. Defendant FRADKIN & WEBER, P.A. is a law firm engaged in the business of collecting debts alleged to be due another in the State of Maryland, and uses the United States Mail in furtherance of their collection of debts alleged to be due another. Defendant FRADKIN & WEBER, P.A. holds an active collection agency license with the State of Maryland, Department of Labor, Licensing and Regulation.

12.    Defendant A.J. KODECK, CHARTERED is a Maryland domestic corporation with its principal place of business located at 2402 Caves Road, Owings Mills, Maryland. Defendant A.J. KODECK, CHARTERED is a law firm engaged in the business of collecting debts alleged to be due another in the State

of Maryland, and uses the United States Mail in furtherance of their collection of debts alleged to be due another. Defendant A.J. KODECK, CHARTERED has never held an active collection agency license with the State of Maryland, Department of Labor, Licensing and Regulation.

13. PACIFIC REHAB OF MARYLAND, P.A. hired A.J. KODECK, CHARTERED, FRADKIN & WEBER, P.A. and other debt collectors to collect the debts on its behalf and is vicariously liable for the acts and omissions of FRADKIN & WEBER, P.A. and A.J. KODECK, CHARTERED which at all times relevant to this dispute was the agent of PACIFIC REHAB OF MARYLAND, P.A. acting within the scope of its agency.

14. At all relevant times PACIFIC REHAB OF MARYLAND, P.A., FRADKIN & WEBER, P.A. and A.J. KODECK, CHARTERED acted as a "debt collector" within the meaning of 15 U.S.C. §1692$a$(6) of the FDCPA. PACIFIC REHAB OF MARYLAND, P.A., in the process of collecting its own debts, uses names other than its own which would indicate that a third person is collecting or attempting to collect such debts. FRADKIN & WEBER, P.A. and A.J. KODECK, CHARTERED regularly collect or attempt to collect, directly or indirectly, debts asserted to be owed or due another.

15. At all relevant times Defendants PACIFIC REHAB OF MARYLAND, P.A., FRADKIN & WEBER, P.A. and A.J. KODECK, CHARTERED acted as a

"collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

16.     The acts of PACIFIC REHAB OF MARYLAND, P.A., FRADKIN & WEBER, P.A., and A.J. KODECK, CHARTERED alleged herein were performed by its employees and attorney agents acting within the scope of their actual or apparent authority.

17.     The acts of PACIFIC REHAB OF MARYLAND, P.A., FRADKIN & WEBER, P.A. and A.J. KODECK, CHARTERED alleged herein were performed by their employees acting within the scope of their actual or apparent authority.

18.     At all relevant times each Defendant was the principal, agent, partner, affiliate, successor in interest or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Each Defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## **FACTUAL ALLEGATIONS**

19.     From November 16, 2005, through December 19, 2005, Plaintiff

received physical therapy services at 1120 St. Paul Street, Baltimore, Maryland.

20.    Plaintiff was referred to this location by a personal injury attorney who represented that the bills would be paid out of the recovery from her personal injury lawsuit. Plaintiff was also advised that if there was no recovery in her favor, she would not be required to pay anything. Ultimately, Plaintiff did not receive a recovery from her personal injury claim. Plaintiff never made any payment for these services.

21.    Before undergoing treatment, SHANTAVIA HART was provided two sets of paperwork to complete. The first set of documents related to treatment that was to be provided by "St. Paul & Biddle Medical Associates, P.A." This entity forfeited its corporate charter on October 7, 1999, and has not been authorized to transact business in Maryland since that date.

22.    The second set of documents related to treatment that was to be provided by "Pacific Rehab of Maryland, Inc." As indicated above, the proper corporate name of this entity as of the date of treatment was "Dr. Gober Pacific Rehab of Maryland, P.A." and the current corporate name of this entity is PACIFIC REHAB OF MARYLAND, P.A.

23.    On January 5, 2011, PACIFIC REHAB OF MARYLAND, P.A. caused a complaint to be filed against SHANTAVIA HART in the District Court of Maryland for Baltimore City, on behalf of an entity identified as "Pacific Rehab &

Sports Medicine, Inc." On the date the complaint was filed, "Pacific Rehab &

Sports Medicine, Inc." was not authorized to transact business in Maryland,

having forfeited its charter on November 19, 1997. Additionally, none of the

documents signed by SHANTAVIA HART at the start of her treatment referred to

"Pacific Rehab & Sports Medicine, Inc."

24.    A.J. KODECK, CHARTERED filed the complaint, but FRADKIN &

WEBER, P.A ultimately became the law firm handling the case and continued to

pursue the litigation on behalf of PACIFIC REHAB OF MARYLAND, P.A..

25.    PACIFIC REHAB OF MARYLAND, P.A. and A.J. KODECK,

CHARTERED attached to the complaint an "Agreement and Authorization for

Payment" that provided for payment to an entity named "Pacific Rehabilitation of

Maryland" a fictitious entity that has no legal existence in Maryland and is not a

registered trade name in Maryland.

26.    PACIFIC REHAB OF MARYLAND, P.A. and A.J. KODECK,

CHARTERED also attached an "Assignment of Benefits" to the complaint that

provided for payment to "St. Paul & Biddle Medical Associates, P.A.," an entity

that forfeited its corporate status on October 7, 1999, and was not authorized to

transact business at the time the treatment was provided to SHANTAVIA HART.

Additionally, there is no record establishing that PACIFIC REHAB OF

MARYLAND, P.A. is the owner or successor in interest of "St. Paul & Biddle

Medical Associates, P.A."

27.   The "Agreement and Authorization for Payment" and "Assignment of Benefits" included the following statement, signed by SHANTAVIA HART: "I waive any statute of limitations for collection of monies for services rendered . . ."

28.   Under Maryland law, language in contracts purporting to permanently waive the statute of limitations is void as contrary to public policy and not enforceable.

29.   The "Agreement and Authorization for Payment" and "Assignment of Benefits" also included the word "(SEAL)" next to the signature block for patient.

30.   Under Maryland law, merely including the "(SEAL)" next to the signature block for patient did not transform the contract into a contract under seal, governed by a twelve-year statute of limitations because there was no express agreement set forth in the body of the contract that a twelve-year limitations period would apply to the contract.

31.   Notwithstanding these facts, Defendants sued SHANTAVIA HART and other members of the class more than three years after the last payment was made on balances allegedly owed.

32.   PACIFIC REHAB OF MARYLAND, PA and FRADKIN & WEBER, P.A. filed a pleading claiming interest measured from SHANTAVIA HART's first date of treatment, when the contractual documents creating the alleged debt did

not expressly authorize that interest would be due on that basis.

33.    All Defendants intentionally and knowingly filed and maintained a debt collection lawsuit against SHANTAVIA HART and other members of the class seeking to recover funds for services provided by "St. Paul & Biddle Medical Associates, P.A." and "Pacific Rehabilitation of Maryland" when there was no enforceable contractual obligation to pay any amount to "St. Paul & Biddle Medical Associates, P.A." or "Pacific Rehabilitation of Maryland."

34.    All Defendants intentionally and knowingly filed and maintained a debt collection lawsuit against SHANTAVIA HART and other members of the class seeking to recover funds for services provided by "St. Paul & Biddle Medical Associates, P.A." and "Pacific Rehabilitation of Maryland" even though PACIFIC REHAB OF MARYLAND, P.A. is neither the owner nor successor in interest to "St. Paul & Biddle Medical Associates, P.A." or "Pacific Rehabilitation of Maryland."

35.    All Defendants intentionally and knowingly used the name of a fictitious entity that had no legal existence in Maryland as the plaintiffs in the debt collection lawsuits they filed and maintained against SHANTAVIA HART and other members of the class.

36.    All Defendants intentionally and knowingly filed and maintained a debt collection lawsuit against SHANTAVIA HART and other members of the

class beyond the applicable statute of limitations in violation of state and federal law.

37.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. intentionally and knowingly filed and maintained a debt collection lawsuit against SHANTAVIA HART and other members of the class in which they claimed interest measured from the first date of treatment, when the contractual documents creating the alleged debt did not expressly authorize that interest would be due on that basis.

38.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. ultimately dismissed the lawsuit filed against SHANTAVIA HART on July 10, 2012, after she filed an amended notice of intention to defend asserting that the claim was barred by limitations and had been brought on behalf of an entity that did not exist.

39.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. then attempted to amend approximately 120 complaints that they had previously filed using a fictitious name for the plaintiff.

40.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. actively engaged in illegal debt collecting activities directed towards SHANTAVIA HART from January 5, 2011, through July 10, 2012.

## DEFENDANTS' POLICIES AND PRACTICES

41.    It is the standard policy and practice of PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED and FRADKIN & WEBER, P.A. to bring and maintain lawsuits using names other than the true name of the creditor in violation of §§ 1692e, 1692e(10), 1692e(14), and 1692f of the FDCPA, which prohibit,

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
>> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**
>>
>> **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.**
>
> **§ 1692f. Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect of attempt to collect. Without limiting the general application of the foregoing . . .**

42.    PACIFIC REHAB OF MARYLAND, P.A. filed and maintained

approximately 206 lawsuits in a fictitious name between September 1, 2009 and August 28, 2012. Of these lawsuits, many were initially filed by A.J. KODECK, CHARTERED with FRADKIN & WEBER, P.A. substituting in as counsel when A.J. Kodeck, Esq. went to work for the Maryland Attorney General's Office. Roughly 175 of these cases list FRADKIN & WEBER, P.A. as an attorney for PACIFIC REHAB OF MARYLAND, P.A.. Roughly 31 cases were filed and maintained exclusively by A.J. KODECK, CHARTERED.

43.     Between approximately July 16, 2012 and July 30, 2012, PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. attempted to substitute PACIFIC REHAB OF MARYLAND, P.A. in place of the fictitious entity in approximately 120 cases. In approximately 90 of these cases, the attempted substitution occurred after judgment already had been entered for the fictitious entity.

44.     It is the standard policy and practice of PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED and  FRADKIN & WEBER, P.A. to sue consumers based on contracts entered with "St. Paul & Biddle Medical Associates, P.A." and "Pacific Rehabilitation of Maryland," entities that are not authorized to transact business in Maryland. This practice violates §§ 1692e, 1692e(2), e(10) 1692f, and 1692f(1) of the FDCPA, which prohibit,

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...**

> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; or**
>
> **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**§ 1692f. Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

45.   A sample of 20 cases filed within the last year in Baltimore City by

PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A., reveals that all 20 cases (100 percent) were based on contracts entered with "St. Paul & Biddle Medical Associates, P.A." and "Pacific Rehabilitation of Maryland."

46.   It is the standard policy and practice of PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED and FRADKIN & WEBER, P.A. to use the District Court of Maryland to attempt to collect time-barred debts in violation of §§ 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1) of the FDCPA, which prohibit,

> *§ 1692e. False or misleading representations*
>
> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...*
>
> > *(2) The false representation of--*
> >
> > *(A) the character, amount, or legal status of any debt; or*
> >
> > *(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.*
> >
> > *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

### *§ 1692f. Unfair Practices*

***A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:***

> ***(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.***

47.    A sample of 20 cases filed within the last year in Baltimore City by PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A., reveals that the lawsuits were filed beyond the statute of limitations in 75 percent of the cases (15 out of 20).

48.    It is the standard policy and practice of PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. to attempt to collect unauthorized interest in their collection lawsuits in violation of §§ 1692e, 1692e(2), 1692f, and 1692f(1) of the FDCPA, which prohibit,

### *§ 1692e. False or misleading representations*

***A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...***

> ***(2) The false representation of--***

**(A) the character, amount, or legal status of any debt; or**

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

### § 1692f. Unfair Practices

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

49.     A sample of 20 cases filed in Baltimore City within the last year by PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A., reveals that interest was charged from at least the first day of treatment in 90 percent of the cases (18 out of 20). In one out of the 18 cases, interest was charged from the day before the first day of treatment. In the 17 other cases, interest was charged from the first day of treatment.

50.     These standard policies and practices also constitute violations of the § 14-202(8) of the MCDCA, which prohibits

*Proscribed conduct*

*In collecting or attempting to collect an alleged debt a collector may not:*

> *(8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist.*

51.   Violations of the MCDCA are violations of the MCPA pursuant to § 13-301(14)(iii) of the MCPA.

52.   In addition, these standard policies and practices constitute violations of § 13-301(1) of the MCPA, which prohibits

> *False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers.*

53.   These standard policies and practices also constitute malicious use of process in violation of Maryland common law.

## CLASS ALLEGATIONS

54.   Plaintiff brings this action on behalf of three subclasses.

55.   **FDCPA Class**. The class period for the FDCPA class is one year prior to the filing of this complaint and applies only to Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A.. The class consists of all natural persons who at any time within one year prior to the filing of this complaint were a party to an ongoing lawsuit meeting any of the following

criteria:

a.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. sued or continued a suit against them using names other than the true name of the creditor;

b.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. sued or continued a suit against them to collect obligations purportedly created with contractual documents entered into with either "Pacific Rehabilitation of Maryland" or "St. Paul & Biddle Medical Associates, P.A."

c.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. sued or continued a suit against them more than three years after a payment was made on the account;

d.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. sued or continued a suit against them for interest on the entire balance owed measured from the first date of service; or

e.     At any time within the one year before the filing of this lawsuit a judgment remained unsatisfied in a lawsuit brought using names other than the true name of the creditor, or brought more than three years after a payment was made on the account, or that includes interest on the entire balance owed measured from the first date of service.

55.   **MCDCA and MCPA Class**. The class period for the MCDCA and MCPA class is three years prior to the filing of this complaint and applies to all Defendants. The class consists of all natural persons who at any time within three years prior to the filing of this complaint were a party to an ongoing lawsuit meeting any of the following criteria:

a.   Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. sued or continued a suit against them by filing a lawsuit in the District Court of Maryland on behalf of entities that had no legal existence;

b.   Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. sued or continued a suit against them to collect obligations purportedly created with contractual documents entered into with either "Pacific Rehabilitation of Maryland" or "St. Paul & Biddle Medical Associates, P.A."

c.   Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. sued or continued a suit against them more than three years after a payment was made on the account;

d.   Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. sued or continued a suit against them for interest on the entire balance owed measured from the first date of service; or

e.      At any time within the three years before the filing of this lawsuit a judgment remained unsatisfied in a lawsuit brought more than three years after a payment was made on the account, or that includes interest on the entire balance owed measured from the first date of service.

56.   **Malicious Use of Process Class**. The class period for the Malicious Use of Process class is three years prior to the filing of this complaint and applies to all Defendants. The class consists of all natural persons who at any time within three years prior to the filing of this complaint were a party to an ongoing lawsuit meeting any of the following criteria:

a.      Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. sued or continued a suit against them by filing a lawsuit in the District Court of Maryland on behalf of entities that had no legal existence;

b.      Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. sued or continued a suit against them to collect obligations purportedly created with contractual documents entered into with either "Pacific Rehabilitation of Maryland" or "St. Paul & Biddle Medical Associates, P.A."

c.      Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. sued or continued a suit

against them more than three years after a payment was made on the account;

     d.    Defendants PACIFIC REHAB OF MARYLAND and FRADKIN & WEBER, P.A. sued or continued a suit against them for interest on the entire balance owed measured from the first date of service; or

     e.    At any time within the three years before the filing of this lawsuit a judgment remained unsatisfied in a lawsuit brought using names other than the true name of the creditor, or brought more than three years after a payment was made on the account, or that includes interest on the entire balance owed measured from the first date of service.

57.    The identities of all class members are readily ascertainable from the records of Defendants.

58.    Excluded from the class are all managers and directors of Defendants and members of their immediate families, and legal counsel for either side and all members of their immediate families.

59.    This action has been brought and may properly be maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation:

     a.    ***Numerosity:*** The class is so numerous that joinder of all members is impractical. On information and belief there are more than 200

members of the three sub classes. A recent review of District Court of Maryland court records discloses approximately 206 lawsuits filed by Defendants in the name of an entity with no legal existence. In addition, a review of 20 cases filed in the past year in the District Court for Baltimore City alone reveals that 75 percent of the cases were filed more than three years after a payment was made, 90 percent of cases sued for interest on the entire balance owed measured from the first day of treatment, and 100 percent of the cases sued to collect obligations purportedly created with contractual documents entered into with either "Pacific Rehabilitation of Maryland" or "St. Paul & Biddle Medical Associates, P.A."

b.   ***Common Questions Predominate:*** There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The principal issues are:

i.   Whether Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. violated §§ 1692, 1692e(10), 1692e(14), and 1692f of the FDCPA, and whether Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. violated § 14-202(8) of the MDCPA, §§ 13-301(1) and 13-301(14)(iii) of the MCPA, and Maryland common law by bringing and continuing lawsuits against class members using names other than the true name of the creditor;

ii.   Whether Defendants PACIFIC REHAB OF MARYLAND,

P.A. and FRADKIN & WEBER, P.A. violated §§ 1692e, 1692e(10), and 1692f of the FDCPA, and whether Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. violated § 14-202(8) of the MCDCA, §§ 13-301(1) and 13-301(14)(iii) of the MCPA, and Maryland common law by bringing and continuing suits to collect obligations purportedly created with contractual documents entered into with "St Paul & Biddle Medical Associates, P.A." or "Pacific Rehabilitation of Maryland."

       iii.     Whether Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. violated §§ 1692e, 1692e(2), 1692e(10), and 1692f of the FDCPA, and whether Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. violated § 14-202(8) of the MCDCA, §§ 13-301(1) and 13-301(14)(iii) of the MCPA, and Maryland common law, by using the District Court of Maryland to attempt to collect time-barred debts;

       iv.     Whether Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. violated §§ 1692e, 1692e(2), 1692f and 1692f(1) of the FDCPA, § 14-202(8) of the MCDCA, , §§ 13-301(1) and 13-301(14) (iii) of the MCPA, and Maryland common law, by suing for interest on the entire balance owed measured from the first date of service;

       v.     Whether these lawsuits were filed without probable

cause; and

      vi.    Whether these lawsuits were filed with malice.

    c.    ***Typicality:*** Plaintiff's claims are typical of the claims of the members of the plaintiff class. Plaintiff and all members of the plaintiff class have claims arising out of Defendants' common course of conduct complained of herein.

    d.    ***Adequacy:*** Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff is committed to vigorously litigate this matter. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither Plaintiff nor Plaintiffs counsel have any interests which might cause them not to vigorously pursue this claim.

    e.    ***Superiority:*** A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual class member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would

make it difficult or impossible for individual members of the class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

60.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

61.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.     The questions of law and fact common to the members of the class predominate over any questions affecting an individual member.

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

62.     Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## FIRST CAUSE OF ACTION
### (The Fair Debt Collection Practices Act)

63.     Plaintiff incorporates the foregoing paragraphs.

26

64.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. violated §§ 1692e, 1692e(10), 1692e(14) and 1692f of the FDCPA by bringing lawsuits using names other than the true name of the creditor.

65.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. violated §§ 1692e, 1692e(10), 1692f, and 1692f(1) of the FDCPA by suing  and continuing suits against consumers for amounts allegedly owed "St Paul & Biddle Medical Associates, P.A." or "Pacific Rehabilitation of Maryland."

66.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. violated §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) of the FDCPA by using the District Court of Maryland to attempt to collect time-barred debts.

67.     Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. violated §§ 1692e, 1692e(2), 1692f, and 1692f(1) by attempting to collect interest in amounts not authorized by the contract.

WHEREFORE, Plaintiff requests the following relief from these Defendants:

a.     The Court enter a declaratory judgment that these Defendant's practices violate the FDCPA;

b.     The Court enter judgment in favor of the Plaintiff and the class she seeks to represent against PACIFIC REHAB OF MARYLAND, P.A. and

27

FRADKIN & WEBER, P.A. in the maximum amount of statutory damages provided under 15 U.S.C. § 1692k;

c.    The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not collect obligations purportedly created with contractual documents entered into with "St. Paul & Biddle Medical Associates, P.A." or "Pacific Rehabilitation of Maryland."

d.    The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not attempt to collect for treatment more than three years after a payment was made on the account;

e.    The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not sue for interest on the entire balance measured from the first date of treatment.

f.    The Court enter judgment for actual damages in favor of the Plaintiff and members of the class she seeks to represent against PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. in the amount of all sums paid by the Plaintiff and members of the class she seeks to represent toward any claimed balance, presently estimated to be in excess of $1,000,000.00;

g.    The Court enter an order vacating any judgments entered against the members of the class the Plaintiff seeks to represent in favor of any

entity name used by PACIFIC REHAB OF MARYLAND, P.A.

h.     The Court enter an award of pre-judgment and post-judgment interest on all sums awarded to the Plaintiff and members of the class she seeks to represent;

i.     The Court award to the Plaintiff and members of the class she seeks to represent reasonable counsel fees and the costs of these proceedings;

j.     The Court order such other and further relief as the nature of this case may require.

**SECOND CAUSE OF ACTION**
**(The Maryland Consumer Debt Collection Act)**

68.     Plaintiff incorporates the foregoing paragraphs.

69.     Plaintiff and the class she seeks to represent incurred a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the Maryland Consumer Debt Collection Act.

70.     Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. violated § 14-202(8) of the MCDCA by bringing and continuing lawsuits using names other than the true name of the creditor.

71.     Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. violated § 14-202(8) of the

MCDCA by suing and continuing lawsuits against consumers for amounts allegedly owed "St. Paul & Biddle Medical Associates, P.A." or "Pacific Rehabilitation of Maryland."

72. Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. violated § 14-202(8) of the MCDCA by using the District Court of Maryland to attempt to collect time-barred debts.

73. Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. violated § 14-202(8) of the MCDCA by attempting to collect unauthorized interest in their collection lawsuits in violation of the FDCPA.

74. As a result of Defendants' violations of the MCDCA, Plaintiff and the class she seeks to represent have suffered actual damages and are therefore entitled to actual damages pursuant to Md. Code. Ann., Com. Law. § 14-203 from Defendants.

WHEREFORE, Plaintiff requests the following relief from Defendants:

a. The Court enter a declaratory judgment that Defendant's practices violate the MCDCA;

b. The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not collect obligations purportedly created with contractual documents entered into with "St. Paul & Biddle Medical Associates,

P.A." or "Pacific Rehabilitation of Maryland."

c. The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not attempt to collect for treatment more than three years after a payment was made on the account;

d. The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not sue for interest on the entire balance measured from the first date of treatment.

e. The Court enter judgment for actual damages in favor of the Plaintiff and members of the class she seeks to represent against PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. in the amount of all sums paid by the Plaintiff and members of the class she seeks to represent toward any claimed balance, presently estimated to be in excess of $1,000,000.00;

f. The Court enter an order vacating any judgments entered against the members of the class the Plaintiff seeks to represent in favor of any entity name used by PACIFIC REHAB OF MARYLAND, P.A.

g. The Court enter an award of pre-judgment and post-judgment interest on all sums awarded to the Plaintiff and members of the class she seeks to represent;

h. The Court award to the Plaintiff and members of the class she

seeks to represent reasonable counsel fees and the costs of these proceedings;

      i.    The Court order such other and further relief as the nature of this case may require.

## THIRD CAUSE OF ACTION
### (The Maryland Consumer Protection Act)

75.    Plaintiff incorporates the foregoing paragraphs.

76.    Plaintiff and the class she seeks to represent are consumers as defined by the Consumer Protection Act ("CPA"), Maryland Code Annotated, Commercial Law § 13-101(c).

77.    Section 13-303(1) of the CPA prohibits unfair or deceptive trade practices in the sale of consumer goods, consumer services and the extension of consumer credit.

78.    Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade practices also include any violation of the MCDCA.

79.    Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. violated these subsections by bringing and continuing lawsuits using names other than the true name of the creditor

80.    Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. violated these subsections by suing and continuing lawsuits against consumers for amounts allegedly owed "St.

Paul & Biddle Medical Associates, P.A." or "Pacific Rehabilitation of Maryland."

81.    Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. violated these subsections by using the District Court of Maryland to attempt to collect time-barred debts.

82.    Defendants PACIFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. violated these subsections by attempting to collect unauthorized interest in their collection lawsuits in violation of the FDCPA.

83.    As a direct consequence of Defendants' violation of the CPA, Plaintiff and the class she seeks to represent have suffered an injury or loss and are entitled to actual damages and attorneys fees pursuant to CPA §13-408.

WHEREFORE, Plaintiff requests the following relief from Defendants:

a.    The Court enter a declaratory judgment that Defendant's practices violate the CPA;

b.    The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not collect obligations purportedly created with contractual documents entered into with "St. Paul & Biddle Medical Associates, P.A." or "Pacific Rehabilitation of Maryland."

c.    The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not attempt to collect for treatment more than three years after a payment was made on the account;

d.     The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not sue for interest on the entire balance measured from the first date of treatment.

e.     The Court enter judgment for actual damages in favor of the Plaintiff and members of the class she seeks to represent against PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. in the amount of all sums paid by the Plaintiff and members of the class she seeks to represent toward any claimed balance, presently estimated to be in excess of $1,000,000.00;

f.     The Court enter an order vacating any judgments entered against the members of the class the Plaintiff seeks to represent in favor of any entity name used by PACIFIC REHAB OF MARYLAND, P.A.

g.     The Court enter an award of pre-judgment and post-judgment interest on all sums awarded to the Plaintiff and members of the class she seeks to represent;

h.     The Court award to the Plaintiff and members of the class she seeks to represent reasonable counsel fees and the costs of these proceedings;

i.     The Court order such other and further relief as the nature of this case may require.

## FOURTH CAUSE OF ACTION
### (Malicious Use of Process)

84.    Plaintiff incorporates the foregoing paragraphs.

85.    Solely in an effort to collect monies alleged to be due and interest thereon that are not collectible as a matter of law, Defendants initiated and continued collection lawsuits in the District Court of Maryland against Plaintiff and the class she seeks to represent.

86.    The suit filed against SHANTAVIA HART was terminated in favor of SHANTAVIA HART.

87.    Any judgments entered against members of the class were entered as the result of fraud, mistake or irregularity and are subject to the District Court of Maryland's revisory power pursuant to Maryland Rule 3-535.

88.    The lawsuits instituted and continued by Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. against the Plaintiff and the members of the class she seeks to represent were instituted and continued without probable cause and with the malicious intent of collecting monies alleged to be due and interest thereon that are not collectible as a matter of law.

80.    Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. knew that the lawsuits were filed and maintained even though there was no contractual obligation to pay PACIFIC

REHAB OF MARYLAND, P.A. for services provided by "St. Paul & Biddle Medical Associates, P.A." or "Pacific Rehabilitation of Maryland."

81.    Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. knew that the lawsuits were filed using fictitious entities that had no legal existence in Maryland as the plaintiffs in the debt collection lawsuits.

82.    Defendants PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A. knew that the lawsuits were filed and maintained beyond the applicable statute of limitations in violation.

83.    Defendants PACFIC REHAB OF MARYLAND, P.A. and FRADKIN & WEBER, P.A. knew that the lawsuits improperly sought interest measured from the first date of treatment, when the contractual documents creating the alleged debt did not expressly authorize that interest would be due on that basis.

84.    Defendants filed and continued lawsuits with an improper motive and without probable cause in an effort to obtain judgments or voluntary settlements for obligations that were not collectible as a matter of law.

85.    As the result of Defendants' improper institution of these lawsuits, Plaintiff and the class she seeks to represent suffered special damages including the suffering of having judgments entered against them, the suffering of wage garnishments, and the suffering of false and misleading reports to credit

36

reporting agencies.

WHEREFORE, Plaintiff requests the following relief from Defendants:

a.     The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not collect obligations purportedly created with contractual documents entered into with "St. Paul & Biddle Medical Associates, P.A." and "Pacific Rehabilitation of Maryland."

b.     The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not attempt to collect for treatment more than three years after a payment was made on the account;

c.     The Court enter a declaratory judgment that PACIFIC REHAB OF MARYLAND, P.A. may not sue for interest on the entire balance measured from the first date of treatment.

d.     The Court enter an order requiring PACIFIC REHAB OF MARYLAND, P.A within 30 days to notify all credit reporting agencies to whom it reports that (i) the Plaintiff and members of the class she seeks to represent have a zero balance on their accounts, and (ii) removing any notation to the effect that the account has been charged off;

e.     The Court enter judgment in favor of the Plaintiff and members of the class she seeks to represent against PACIFIC REHAB OF MARYLAND, P.A., A.J. KODECK, CHARTERED, and FRADKIN & WEBER, P.A.

in the amount of all sums paid by the Plaintiff and members of the class she seeks to represent toward any claimed balance, presently estimated to be in excess of $1,000,000.00;

f.      The Court enter an order vacating any judgments entered against the members of the class the Plaintiff seeks to represent in favor of any entity name used by PACIFIC REHAB OF MARYLAND, P.A.

g.      The Court enter an award of pre-judgment and post-judgment interest on all sums awarded to the Plaintiff and members of the class she seeks to represent;

h.      The Court award to the Plaintiff and members of the class she seeks to represent reasonable counsel fees and the costs of these proceedings;

i.      The Court order such other and further relief as the nature of this case may require.

j.      The Court award to the Plaintiff and the class she seeks to represent punitive damages in the amount of $1,000,000.00

## JURY DEMAND

Pursuant to Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,


_____/s/ E. David Hoskins___
E. David Hoskins, Bar No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
*dhoskins@hoskinslaw.com*