**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SHANTAVIA HART | |
|      Plaintiff | |
| vs. | CIVIL ACTION NO.:  1:12-CV-02608-ELH |
| PACIFIC REHAB OF MARYLAND, P.A. | |
| AND | |
| FRADKIN & WEBER, P.A. | |
| AND | |
| A.J. KODECK, CHARTERED | |
|      Defendants | |

**DEFENDANT FRADKIN & WEBER, P.A.'S BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS**

**I.      INTRODUCTION**

Plaintiff, Shantavia Hart, has filed a putative Class Action Complaint against Pacific Rehab of Maryland, P.A. ("Pacific Rehab"), the healthcare provider from who she sought treatment for personal injuries caused by the negligence of an unidentified tortfeasor.  Her suit names as co-Defendants, A.J. Kodeck, Chartered ("Kodeck"), the attorney Pacific Rehab hired to sue Ms. Hart for her unpaid bill and Fradkin & Weber, P.A. ("F&W"), the law firm that later entered an appearance after Kodeck withdrew as counsel for Pacific Rehab.

The aforementioned state court debt collection lawsuit forms the basis of Ms. Hart's 83-paragraph Complaint that asserts causes of action under Federal and state consumer

protection statutes regulating debt collection practices (Counts I-III) and that also includes a common law count for malicious use of process (Count IV).

## II.    PLAINTIFF'S COMPLAINT

### A.    STATEMENT OF FACTS

Ms. Hart received medical treatment from St. Paul & Biddle Medical Associates ("St. Paul") and physical therapy services from Pacific Rehab for personal injuries caused by the alleged negligence of a third party.  (ECF No. 1, Compl. ¶¶ 21-22).[1]  Ms. Hart's personal injury attorney referred her to these providers for treatment and "represented (to her) that the bills would be paid out of the recovery from her personal injury lawsuit."  (¶ 20).  Ms. Hart did not recover anything from the tortfeasor and she has not paid anything for the medical treatment and therapy services she admittedly received.  (¶ 20).

Pacific Rehab filed suit against Ms. Hart in the District Court of Maryland for Baltimore City,[2] through its then counsel, Kodeck (hereinafter referred to as "Collection Action").  The Plaintiff listed in the caption of the Collection Action is "Pacific Rehab & Sports Medicine, Inc. a/t/a (also trading as) Pacific Rehab of Maryland, Inc. a/t/a St. Paul & Biddle Medical Assoc."  (Exhibit 1-1).  Later, when F&W entered its appearance, it listed the Plaintiff as "Pacific Rehab of Maryland, Inc. t/a St. Paul & Biddle Medical Associates." (Exhibit 1-15).

Two (2) exhibits are appended to the Collection Action.  The first, labeled "Agreement and Authorization for Payment," is signed by Ms. Hart and directs payment to "Pacific Rehabilitation of Maryland" from any medical benefits and/or insurance recovery received by the Plaintiff.  The agreement further binds Ms. Hart to "pay legal interest and

---

[1] All further references to the Complaint will be to the paragraph number only.
[2] A copy of pertinent papers in the District Court collection action are attached hereto and incorporated by reference as Exhibit 1-1 through 1-15.

attorney fees accrued in pursuit of collection of monies for services rendered." (Exhibit 1-10). The second exhibit signed by Ms. Hart directs her attorney to pay "St. Paul & Biddle Associates" "such sums as may be due and owing for professional services rendered in the treatment of injuries sustained by me" and similarly guarantees payment of "legal interest and attorney fees accrued in pursuit of collection of monies for services rendered." (Exhibit 1-9).

Plaintiff's Class Action Complaint alleges that the corporate charters of "Pacific Rehab & Sports Medicine, Inc." and "St. Paul & Biddle Medical Associates, P.A." were forfeited before the Collection Action was filed (¶¶ 23, 26). She claims that the correct name of the entity furnishing physical therapy services to her was "Dr. Gober Pacific Rehab of Maryland, P.A." which later changed its name to "Pacific Rehab of Maryland, P.A." (¶¶ 22). Ms. Hart further alleges that her signature under "seal" on the aforementioned agreements does not qualify as a specialty under Maryland law for which a twelve year statute of limitations applies. (¶¶ 27-30). She also complains that Pacific Rehab wrongfully asked for interest in the Collection Action. (¶ 32).

**B.   CLAIMS AGAINST FRADKIN & WEBER, P.A.**

**1.   COUNT I - FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692, ET. SEQ. (FDCPA)**

**(A)   OVERVIEW OF THE FDCPA**

In 1977, Congress passed the FDCPA for the purpose of eliminating abusive debt collection practices. 15 U.S.C. §1692(e). In 1986, Congress repealed the attorney-at-law exemption contained in the original version of FDCPA. *See*, Pub. L. 99-361. The Supreme Court subsequently held that the FDCPA applies to attorneys even when engaged in litigation activities. *See, Heintz v. Jenkins*, 514 U.S. 291, 296 (1995).

There are three major regulatory components to the FDCPA.  First, debt collectors are required to furnish initial written disclosures to debtors (15 U.S.C. § 1692g) and must provide an additional disclosure in follow up communications.  [15 U.S.C. § 1692e(11)].  Second, the FDCPA limits a debt collector's communications with the debtor (15 U.S.C. § 1692c) and/or with third parties (15 U.S.C. § 1692b).  The third major regulatory component addresses prohibited conduct.  Collectors may not engage in conduct that harasses or abuses a debtor (15 U.S.C. § 1692d); collectors may not use false or misleading statements in connection with the collection of a debt (15 U.S.C. § 1692e); and collectors may not engage in unfair collection practices (15 U.S.C. § 1692f).

### (B)    FDCPA CLAIMS PLED

Ms. Hart asserts that F&W violated the FDCPA's prohibitions against false and misleading representations [§1692e, §1692e(2), §1692e(10) and §1692e(14)] and also engaged in unfair or unconscionable debt collection practices [§1692f and §1692f(1)] by filing suit and continuing suit using a name "other than the true name of the creditor" (¶¶ 64-65); by attempting to collect a time-barred debt (¶ 66); and by attempting to collect interest not authorized by the contract.  (¶ 67).

## 2.    COUNT II - MARYLAND CONSUMER DEBT COLLECTION ACT, §14-202, COMMERCIAL LAW ARTICLE (MCDCA)

### (A)    OVERVIEW OF THE MCDCA

The MCDCA regulates the activities of "collectors" who attempt to collect debts arising out of a "consumer transaction."  Md. Code Ann., Comm. Law, §14-201(b) and (c).  The MCDCA prohibits those collecting consumer debts from engaging in nine (9) enumerated actions including:

- using or threatening force or violence, §14-202(1);

- threatening criminal prosecution, §14-202(2);
- disclosing or threatening to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false, §14-202(3);
- contacting a consumer's employer with respect to the debt before obtaining judgment, §14-202(4);
- disclosing or threatening to disclose to another person information affecting the debtor's credit reputation with knowledge that the other person does not have a legitimate business need for the information, §14-202(5);
- communicating with a debtor with such frequency or at unusual hours as can be expected to harass or abuse the debtors, §14-202(6);
- using obscene or grossly abusive language in communicating the debtor, §14-202(7);
- claiming, attempting or threatening to enforce a right with knowledge the right does not exist §14-202(8);
- and using a communication simulating legal or judicial process, §14-202(9).

### (B)   MCDCA CLAIMS PLED

Ms. Hart's MCDCA claim asserts that F&W violated §14-202(8) by making a "claim, attempt, or threat to enforce a right with knowledge that the right does not exist" by bringing and continuing the Collection Action using a name other than the true name of the creditor (¶ 70); by attempting to collect on a time-barred debt (¶ 72); and by attempting to collect unauthorized interest (¶ 73).

### 3.   COUNT III - MARYLAND CONSUMER PROTECTION ACT (MCPA)

### (A)   OVERVIEW OF THE MCPA

The MCPA regulates unfair and deceptive trade practices.  Md. Code Ann., Comm. Law II, §13-303(5) prohibits persons from engaging in unfair or deceptive trade practices in the collection of consumer debts.  A violation of the MCDCA is deemed a violation of the MCPA. *See*, §13-301(14)(iii).

### (B)    CLAIMS PLED

Ms. Hart asserts that F&W violated the MCPA by bringing and continuing the Collection Action using a name other than the true name of the creditor (¶ 79); by filing suit on a time-barred debt (¶ 81); and by attempting to collect unauthorized interest (¶ 82).

### 4.    COUNT IV – MALICIOUS USE OF PROCESS

Ms. Hart alleges that F&W instituted and continued the Collection Action against her without probable cause and with malicious intent to collect monies and interest not allowed. (¶ 88).  Although she contends that the Collection Action filed against was terminated in her favor (¶ 38), she makes the contrary and demonstrably false contention that a judgment was entered against her and that a wage garnishment was filed to collect on this phantom judgment.  (¶ 86).

## III.    STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), the Supreme Court addressed the minimum pleading requirements to state a claim for relief and avoid dismissal under Fed.R.Civ.P. 12(b)(6).  The Court noted that while a Complaint need not contain detailed factual allegations, a Plaintiff is required to provide more than labels and conclusions and "a formulaic recitation of the elements of a cause of action" will not do.  *Id*. at 555.  Instead, a Plaintiff must make factual allegations that create more than a suspicion of a legally cognizable cause of action.  Further, the factual allegations must move beyond the mere possibility of the existence of a cause of action to establish a plausibility of entitlement to relief.  *Id*. at 557-558.

The Supreme Court reiterated *Twombly's* requirement that to survive the motion to dismiss "a Complaint must contain sufficient factual matter, accepted as true, to state a claim

of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949 (2009) (citations omitted).   The *Iqbal* Court further explained that a Court need not accept legal conclusions couched as factual recitations as true and that determining whether a Complaint states a plausible claim for relief is a context specific task requiring the reviewing Court to draw on its judicial experience and common sense.  *Id*. at 678.

In ruling on a 12(b)(6) motion, a Court will take judicial notice of the content of court records.  *See, Colonial Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).   A Court can also take judicial notice of the contents of state operated websites.  *See, McBurney v. Cuccienelli*, 616 F.3d 393, 399 (4th Cir. 2010) (approving lower court's taking judicial notice of State Attorney General website) and *Sears v. Magnolia Plumbing, Inc.*, 778 F.Supp.2d 80, 84 at n.6 (D.D.C. 2011) (taking judicial notice of Maryland Department of Assessments and Taxation's website).

## IV.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE SHE HAS FAILED TO ALLEGE ANY VIABLE CAUSE OF ACTION

### A.   COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

#### (1)   FALSE AND MISLEADING REPRESENTATIONS (15 U.S.C. §1692e)

Ms. Hart advances three (3) theories underlying her claims that F&W engaged in false and misleading representations in violation of 15 U.S.C. §1692e and its subparts. [§1692e(2), e(10) and e(14)].  She asserts that F&W:  (1) continued the Collection Action  against her in a name other than the correct name of the creditor; (2) attempted to collect on a time-barred debt and (3) attempted to collect improper interest.  (¶¶ 64-67).

### (a)   SUING OR CONTINUING A SUIT IN A NAME OTHER THAN THE CORRECT NAME OF THE CREDITOR

15 U.S.C. §1692e generally prohibits a debt collector from using any "false, deceptive or misleading representation or means in connection with the collection of any debt." §1692e(10) relatedly bars the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." §1692e(14) outlaws the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

### (i)   §1692e and §1692e(10)

Ms. Hart complains that F&W violated the FDCPA, a Federal consumer protection statute designed to curb "abusive, deceptive and unfair debt collection practices", 15 U.S.C. §1692a, by failing to list the name of the proper legal entity suing her in the caption of the Collection Action.   This contention focuses on an unintended "misnomer"[3], which is a "mistake in naming a person, place or thing, esp. in a legal instrument."   Black's Law Dictionary (9th Ed. 2009) (emphasis added).   Ms. Hart alleges she was deceived and misled by the slight disparity in the Plaintiff's name in the caption even though she concedes she signed the documents agreeing to pay her medical providers (¶ 22), admits receiving the medical services identified in the Collection Action, and acknowledges that she never paid her providers for the treatment.   (¶ 20).

As to this misnomer, Maryland Rule 3-341(c) allows a party to correct a misnomer by amendment and further provides that "errors or defects in a pleading not corrected by an amendment shall be disregarded unless they affect the substantive rights of the parties."   *See also, Dart Drug Corp. v. Hechinger Co., Inc.*, 272 Md. 15, 28, 320 A.2d 266 (1974)

---

[3] The asserted misnomer is that Pacific Rehab and Sports Medicine, Inc.'s correct name was "Dr. Gober Pacific Rehab of Maryland, P.A." which later changed its name to "Pacific Rehab of Maryland, P.A."  (¶ 22).

(affirming grant of motion to amend complaint by interlineation where suit was brought against "*Dart Drug, Inc.*" even though the correct corporate name was "*Dart Drug Corporation*" and even though the four stores owned by the defendant in Maryland were held in the name of a subsidiary corporation).

As to the §1692e claims advanced by the Plaintiff, "courts have generally held that violations grounded in false representations must rely on material misrepresentations." *Stewart v. Bierman,* 859 F.Supp.2d 754, 763 (D.Md. 2012), quoting *Warren v. Semmons & Rogers*, 676 F.3d 365, 374-75 (2012).   In *Stewart*, plaintiffs/homeowners, who did not dispute their liability on the subject debts, claimed they were the victims of false and misleading statements by an attorney acting as a substitute trustee in a foreclosure suit.  The attorney's affidavit in support of the foreclosure action was signed by a clerical employee rather than by the attorney.  The law firm's notary was nonetheless instructed to certify the affidavit as in fact signed by the attorney.  This Court determined that "the signatures (of the attorney) do not relate materiality to the debt at issue . . . (as) would mislead the least sophisticated consumer in any way."  *Stewart* at 765.  The Court held that "to overcome a motion to dismiss an FDCPA claim that involves a false representation, a complaint 'must contain sufficient factual matter, accepted as true,' that the <u>alleged false representations were material.</u>"  *Id.*  (Emphasis added).

Applying the materiality requirement here compels the conclusion that F&W's prosecution of the Collection Action "using names other than the true name of the creditor" (¶ 64) is a non-material false statement and is nothing more than an unintended misnomer. The slight variation in the Plaintiff's name as listed on the caption cannot be deemed deceptive or misleading given that Ms. Hart admits signing the agreements to pay for the

services, acknowledges receiving the services, and concedes she never paid anything toward her bill.

Moreover, the fact that body of the assignment of benefits (Exhibit 1-9) mistakenly refers to "St. Paul & Biddle Medical Associates, <u>P.A.</u>" is also not material because the billing statement is in the name of "St. Paul & Biddle Medical Assoc." (Exhibit 1-8), the duly registered trade name of "Dr. Gober Pacific Rehab of Maryland, P.A." (Exhibit 2).

For these reasons, Plaintiff's claims under §1692e and §1692e(10) should be dismissed.

### (ii)    §1692e(14)

Plaintiff also claims that F&W violated 15 U.S.C. §1692e(14) which prohibits a debt collector from using a name "other than the true name of the debt collector's business, company or organization." (¶ 64). This contention is without merit. F&W's entry of appearance in the collection suit is signed by Jason R. Weber, Esquire, a member in good standing of the Maryland Bar. His address is listed on the Maryland Judiciary Website as "Fradkin & Weber, P.A." in Towson, Maryland. *See*, Exhibit 3. This public record establishes that F&W entered its appearance in the Collection Action using its true and correct name. Accordingly, judgment as a matter of law should be entered dismissing Ms. Hart's claim under 15 U.S.C. §1692e(14).

### (b)    SUING ON A TIME-BARRED DEBT

Ms. Hart alleges that because the Collection Action was filed against Ms. Hart more than three years (3) from the date she last received medical services, F&W is liable under the FDCPA for suing on a time-barred debt. Her contention is that the use of the term "seal" on

10

the forms she signed "did not transform the contract into a contract under seal, governed by a twelve (12) year statute of limitations" (¶ 30).

In Maryland, the three (3) year statute of limitations set out in Md. Code Ann., Cts. and Jud. Proc., §5-101 is subject to an exception where the cause of action is based on a contract under seal. In that instance, a twelve (12) year statute of limitation applies.. *See*, §5-102(a)(5).  The pre-printed form signed by Ms. Hart for the benefit of "Pacific Rehabilitation of Maryland" contains the following language directly adjacent to her signature:  "signature of patient, parent, or responsible party (<u>SEAL</u>)."  (Exhibit 1-10).  Similarly, the assignment and benefits executed on behalf of "St. Paul & Biddle Medical Associates" includes the following language next to Ms. Hart's signature "signature of parent or responsible party (<u>seal</u>)."  (Exhibit 1-9).  The inclusion of the word "seal" on these preprinted forms signed by Ms. Hart qualifies as a specialty under Maryland law.  *See, Warfield v. Baltimore Gas & Electric Co.*, 307 Md. 142, 143, 512 A.2d 1044 (1986) (guarantor who executed Baltimore Gas & Electric's regular company contract that included the word "seal" at the end of the pre-printed line is sufficient to bring the contract under the twelve (12) year statute of limitations applicable for specialties).

The fact that the collection action was filed against Ms. Hart more than three (3) years from the date she received her medical services is therefore without significance because a twelve (12) year statute of limitations applied to Collection Action.  For this reason, F&W is entitled to judgment as a matter of law on Ms. Hart's claim that it violated the FDCPA by suing her on a time-barred debt.

**(c)      ATTEMPTING TO COLLECT IMPROPER INTEREST**

The Plaintiff asserts that F&W's prosecution of the Collection Action in the District Court of Maryland for Baltimore City also violated the FDCPA's prohibitions on false and misleading representations because F&W sought interest for its client "in amounts not authorized by the contract." (¶ 67).  This contention is also without merit.

Pacific Rehab asked the District Court for an award of pre-judgment interest in the Collection Action.[4]  This prayer for monetary relief "rests upon the discretion of the Court and a determination of applicability at a later stage of the litigation. . . . (such) a request is not a communication directed to the debtor and cannot form a misrepresentation as to the amount of the debt."  *Sayyed v. Wolpoff & Abramson, LLP*, 733 F.Supp.2d 635, 648 (D.Md. 2010) (emphasis added).[5]  Therefore, Plaintiff's claim that F&W violated the FDCPA's prohibitions on false, deceptive and misleading representations in its request to the District Court for prejudgment interest fails as a matter of law.

Even if the prayer for pre-judgment interest is deemed a communication to the debtor, the allegation that F&W made a false statement when it asked for interest from the "first date of treatment" (¶ 32) is contrary to the official court record in the Collection Action. This public record shows that Ms. Hart received her first treatment from St. Paul & Biddle Medical Associates on November 16, 2005 (Exhibit 1-8) and from Pacific Rehab on November 19, 2005 (Exhibit 1-6).  Her last treatment date was December 19, 2005 (Exhibit 1-7), the date from which prejudgment interest was requested.

---

[4] The "wherefore" clause in the collection action asks for interest of $2,099.70 at the rate of 6% per annum from December 19, 2005 to December 18, 2010 (the date suit was filed).  *See*, Exhibit 1-1.
[5] An award of prejudgment interest is generally a matter of judicial discretion.  *See, Crystal v. West & Callahan, Inc.*, 328 Md. 318, 343, 614 A.2d 560 (1992).

This conflict between the allegation in the Complaint and the judicially noticed court record is resolved in favor of the court record. *See, Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.3d 1462, 1465 (4th Cir. 1991) (applying principle that exhibit prevails over conflicting allegations in Complaint) and *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (discussing standard for dismissal under 28 U.S.C. §1915(d) where Complaint conflicts with facts subject to judicial notice).

Ms. Hart agreed to pay "legal interest . . . accrued in pursuit of collection of monies for services rendered" in each of the two contracts.  (Exhibit 1-9 and 1-10).  It is clear, as a matter of law, that F&W's request on behalf of its client for the legal rate of interest[6] from the date of the last medical treatment was consistent with the Plaintiff's contractual undertaking and cannot form the basis of a claim under 15 U.S.C. §1692e and/or §1692e(2).

### (2)   UNFAIR AND UNCONSCIONABLE PRACTICES - 15 U.S.C. §1692F AND §1692F(1)

15 U.S.C. §1692f generally prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect any debt".  §1692f(1) deems it unfair or unconscionable practice to collect "any amount (including any interest, fee, charge or expense incidental to the principal obligation), unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

The Plaintiff advances the same three theories in support of her claims under §1692f and §1692f(1) that she claims constitute violations of 15 U.S.C. §1692e:  (1) bringing and continuing the Collection Action against her in a name other than the true name of the creditor (¶¶ 64-65); (2) attempting to collect on a time-barred debt (¶ 66); and (3) attempting to collect improper interest (¶ 67).

---

[6] The legal rate of interest in Maryland is 6% (six percent) per annum, the rate asked for in the lawsuit.  Md. Const. Art. III, §57.

(a)   **CONTINUING A SUIT IN THE NAME OTHER THAN THE TRUE NAME OF THE CREDITOR AND ATTEMPTING TO COLLECT AMOUNTS RELATING THERETO**

"Whether conduct violates §1692e or §1692f requires an objective analysis that considers whether the least sophisticated debtor would likely be misled . . . false but non-material misrepresentations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §1692e or §1692f." *Stewart* at 763, *citing Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (emphasis added).  This rationale applies to Ms. Hart's claims that F&W violated §1692f by suing in a name other than the true name of the creditor and that it violated §1692f(1) by attempting to collect amounts allegedly owed to a different entity from the true corporate name of the party.  In light of Plaintiff's admission that she received medical services and that she never paid her bill, her claims under §1692f and §1692f(1) fail for same reason that bar her claims under §1692e and its subparts.  *See*, Part IV(A)(1)(a)(i), *supra*.

(b)   **FILING SUIT ON A TIME-BARRED DEBT**

Ms. Hart asserts that F&W sued her on a time-barred debt and that such conduct violates §1692f and f(1).  For same the reasons as set out in Part IV(A)(1)(b) *supra*, Plaintiff's claim under §1692f and f(1) should be dismissed because Ms. Hart signed an agreement under seal to pay her medical providers.

(c)   **ATTEMPTING TO COLLECT IMPROPER INTEREST**

Ms. Hart asserts that F&W attempted to collect improper interest in the lawsuit filed against her.  F&W hereby adopts and incorporates by reference its argument contained in Part IV(A)(1)(c) and asks this Court to dismiss Plaintiff's claims under §1692f and f(1) on the theory that it attempted to collect improper interest.

### B.      COUNT II - MARYLAND CONSUMER DEBT COLLECTION ACT

The MCDCA "protects consumers against certain threatening and underhanded methods used by debt collectors in attempting to recover on delinquent accounts." *Shah v. Collecto, Inc.*, 2005 WL 2216242 at *10 (D.Md. Sept. 12, 2005).  Plaintiff asserts that F&W violated §14-202(8) of the MCDCA by bringing and continuing the Collection Action against her in a name other than the true name of the creditor (¶¶ 70, 71), by attempting to collect on a time-barred debt (¶ 72), and by attempting to collect alleged unauthorized interest (¶ 73).  Plaintiff also alleges, in a wholly conclusory fashion, that she "suffered actual damages" (¶ 74) but does not explain whether she suffered economic or pecuniary harm or whether she contends to be the victim of emotional distress.

A violation of §14-202(8) requires "that a party may not attempt to enforce a right with actual knowledge or with reckless disregard as to the <u>falsity</u> of the existence of the right." *Kouabo v. Chevy Chase Bank, FSB*, 336 F.Supp.2d 471, 475 (D.Md. 2004), *citing Spencer v. Henderson-Webb, Inc.*, 81 F.Supp.2d 582 (D.Md. 1999) (emphasis added).  Because the Plaintiff concedes her debt, she has no basis to make an allegation that F&W "acted with knowledge as to the *invalidity* of the debt." *Stewart* at 769 (emphasis added)(internal citations omitted).  For this reason, Plaintiff's claim that F&W violated §14-202(8) by making an alleged false claim as to her debt should be dismissed.

Even if F&W's knew of the "falsity" of the name of the creditor listed in the caption of the Collection Action, this misnomer is not a material false statement and "it would defy common sense to interpret the statute as encompass a false statement regarding some matter not material to the subject." *State v. Levitt*, 48 Md. App. 1, 12-13, 426 A.2d 383 (1981) (opining that criminal perjury statute does not encompass an inadvertent untrue statement).  In view of the

15

treatment of non-material misstatements under Maryland law, to the extent Plaintiff's allegation under §14-202(8) is premised on the "false name" asserted in her claim, her claim is insufficient as a matter of law.

Ms. Hart's failure to allege facts explaining how she was damaged also dooms her MCDCA claim. *See, Stewart v. Bierman* at 768, *citing Citaramanis v. Hallowell*, 328 Md. 142, 152, 613 A.2d 964 (1992) ("requiring actual injury in private suits strikes an important balance between two competing legislative objectives:  preventing unfair or deceptive practices while precluding aggressive, 'self constituted private Attorney General' from bringing suit 'over relatively minor statutory violations.'")

Ms. Hart's claim under the MCDCA that F&W violated §14-202(8) by suing on a time-barred debt and by attempting to collect unauthorized interest are likewise subject to dismissal.  *See*, Parts IV(A)(1)(b) and (c), *supra*.

For these reasons, F&W asks this Court to dismiss Count II, with prejudice.

## C.      COUNT III - MARYLAND CONSUMER PROTECTION ACT

The Plaintiff asserts that F&W's violation of the MCDCA renders them liable under the MCPA because §13-301(14)(iii) deems a violation of the MCDCA to be an unfair and deceptive trade practice.

Ms. Hart concedes that F&W "is a law firm engaged in the business of collecting debts."  (¶ 11).  §13-104 exempts attorneys from liability under the MCPA.  This exemption applies even if F&W is deemed to be "acting in some way other than their professional capacity."  *Stewart* at 768.  Because Ms. Hart's allegations relate to the professional services rendered by F&W to its client, her claim against F&W under the MCPA should be dismissed.

Alternatively, as set forth above, Ms. Hart's failure to allege actual damages likewise precludes her claim under the MCPA.

### D.        COUNT IV – MALICIOUS USE OF PROCESS

"Under Maryland law, malicious use of process is a disfavored cause of action with five (5) elements that all must co-exist to maintain the action.  First, a prior civil proceeding must have been instituted by the defendant.  Second, the proceeding must have been instituted without probable cause.  Third, the prior civil proceeding must have been instituted by the defendant with malice . . . fourth, the proceedings must have terminated in favor of the plaintiff . . . finally, the plaintiff must establish that damages were inflicted upon the plaintiff by arrest or imprisonment, by seizure of property, or other special injury which would not necessarily result in all suits prosecuted."  *Wallace v. Mercantile County Bank*, 514 F.Supp.2d 776, 791 (D.Md. 2007) (internal citations omitted).

In Maryland, "probable cause for the purpose of malicious use of process means a 'reasonable ground for belief in the existence of such state of facts as would warrant institution of the suit complained of.'"  *One Thousand Fleet Ltd. Partnership v. Guerriero*, 346 Md. 29, 37, 694 A.2d 952 (1997) (internal citations omitted).  Plaintiff's candid admission that she received the medical services and that she never paid her bill establish probable cause as a matter of law for the suit by her medical provider thereby precluding her claim for malicious use of process.

Plaintiff has also failed to allege the kind of special injury or other damage required to establish this intentional tort.  Ms. Hart's false claim that a judgment was entered against her and that a wage garnishment was filed against her is made without substantial justification and should not be given any credence given Plaintiff's acknowledgment that the

Collection Action against her was dismissed (¶ 38).  Moreover, the Plaintiff's conclusory allegation that she was the victim of false and misleading reports to credit reporting agencies cannot give rise to a common law claim because the Fair Credit Reporting Act, 15 U.S.C. §1681t, preempts state law causes of action for false credit reporting.  *See*, *Ross v. FDIC*, 625 F.3d 808, 811 (4th Cir. 2010).

Based on the fact that F&W undisputedly had probable cause to sue Ms. Hart on a debt she never paid and because the Plaintiff has not alleged the type of special damages required to establish a claim for malicious use of process, Count IV should be dismissed.

## V.      CONCLUSION

For the reasons set forth herein, Fradkin & Weber, P.A. asks that this Honorable Court grant its Motion to Dismiss.

THE LAW OFFICES OF RONALD S. CANTER, LLC


/s/ Ronald S. Canter
Ronald S. Canter, Esquire, Bar No. 01024
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
E-Mail:   rcanter@roncanterllc.com
*Attorneys for Defendant Fradkin & Weber, P.A.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 29th day of October, 2012 to:

E. David Hoskins, Esquire
THE LAW OFFICES OF E. DAVID
HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Suite 362
Baltimore, Maryland 21210
 *Attorney for Plaintiff*

Brian L. Moffet, Esquire
Gordon Feinblatt, LLC
233 East Redwood Street
Baltimore, Maryland 21202
*Attorney for Pacific Rehab of Maryland, P.A.*

R. Scott Krause
Eccleston and Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, Maryland  21076
*Attorney for Defendant A.J. Kodeck, Chartered*

 /s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant Fradkin & Weber, P.A.*