IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| SHANTAVIA HART, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.: 1:12-cv-02608-ELH |
| PACIFIC REHAB OF MARYLAND, | * | |
| P.A., et al., | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT PACIFIC REHAB OF MARYLAND, INC.'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION..............................................................................................2

II.     FACTUAL ALLEGATIONS .............................................................................4

III.    STANDARD OF REVIEW ................................................................................7

IV.     ARGUMENT .....................................................................................................8

        A.      Plaintiff Has Failed To State A Claim Against Pacific Rehab For Violation
                Of The Fair Debt Collection Practices Act. ............................................8

                1.      Pacific Rehab Is Not A "Debt Collector" Within The Meaning
                        Of The FDCPA. .........................................................................9

                2.      The District Court Collection Lawsuit Filed Against Plaintiff
                        Was Timely And Therefore Did Not Violate the FDCPA. .......... 14

                3.      Pacific Rehab Was Entitled To Seek Interest On The Unpaid
                        Date As Of The Last Date On Which Plaintiff Received
                        Treatment And Incurred The Underling Debt........................... 18

                4.      The Alleged Misrepresentations By Pacific Rehab Were Not
                        Material And Are Thus Not Actionable.................................... 20

        B.      Plaintiff Has Failed To State A Claim Against Pacific Rehab For
                Violations Of The Maryland Consumer Debt Collection Practices Act. ............. 22

        C.      Plaintiff Has Failed To State A Claim Against Pacific Rehab For
                Violations Of The Maryland Consumer Protection Act. ..................................... 23

                1.      As A Provider Of Medical Treatment And Physical Therapy,
                        Pacific Rehab Is Statutorily Exempt From The MCPA. ........................... 23

                2.      Plaintiff's Claim For Violation Of Maryland's CPA Is Subject
                        To Dismissal Because Plaintiff Does Not Allege Any Actual
                        Injury Causally Related To Pacific Rehab's Collection Efforts................ 24

                3.      Because Plaintiff's MCDCA Claim Fails So Too Does Her
                        Claim Under Section 13-301(14)(Iii) Of The MCPA. .............................. 26

        D.      Plaintiff Has Failed To State A Claim For Malicious Use Of Process. ................ 27

E.     Plaintiff's Request For Declaratory And Injunctive Relief Should Be
       Dismissed...........................................................................................................30

V.     CONCLUSION .............................................................................................................32

2395056.1  43130/119938  11/02/2012

Defendant Pacific Rehab of Maryland, P.A., by and through its undersigned counsel, submits this memorandum of law in support of its motion to dismiss the class action complaint filed by plaintiff Shantavia Hart.[1]

## I.        INTRODUCTION

Plaintiff admits that she received medical treatment from "St. Paul & Biddle Medical Associates, P.A." and physical therapy from "Pacific Rehabilitation of Maryland" for personal injuries she sustained in connection with an apparent accident.  Complaint, ¶¶ 21-22.  Plaintiff also admits that she did not pay for any of the treatment she received.  *Id.*, ¶ 20.  Notwithstanding these candid admissions, plaintiff is now claiming that Pacific Rehab violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law II ("CL") § 14-201, *et seq.*, and the Maryland Consumer Protection Act ("MCPA"), CL § 13-101, *et seq.*, when it filed a collection lawsuit against her seeking payment of the outstanding debt.  Plaintiff also accuses Pacific Rehab of malicious use of process.

Plaintiff's claims are predicated on three theories of liability: (1) Pacific Rehab brought lawsuits to collect its own debt while using a name other than its own; (2) Pacific Rehab used the District Court of Maryland to collect a time-barred debt; and (3) Pacific Rehab attempted to collect interest in amounts not authorized by contract.  According to plaintiff, these three theories give rise to claims for violation of

---

[1] Pacific Rehab incorporates by reference the arguments raised in the motions to dismiss filed by co-defendants Fradkin & Weber, P.A. and A.J. Kodek, Chartered to the extent those arguments apply to Pacific Rehab and do not conflict with the arguments contained herein.

the FDCPA, the MCDCA, and the MCPA and for malicious use of process.  Plaintiff is wrong.  None of these theories have any basis in fact and all of them fail to state a claim as a matter of law.

Plaintiff's FDCPA claim fails for the simple reason that Pacific Rehab is not a "debt collector" as defined by the statute.  Plaintiff freely admits this fact, but claims that because Pacific Rehab used trade names – "Pacific Rehabilitation of Maryland" and "St. Paul & Biddle Medical Associates, P.A." – in its dealings with plaintiff, it transformed itself into a debtor collector for FDCPA purposes.  An examination of the applicable statutory provision, the Federal Trade Commission's ("FTC") interpretation of the FDCPA, and relevant case law show that plaintiff's theory of liability is meritless.

Even if Pacific Rehab were subject to the FDCPA, plaintiff's claim still would fail as a matter of law.  Pacific Rehab was not using the court system to collect a time-barred debt.  To the contrary, Pacific Rehab initiated the collection action against plaintiff well within the applicable 12-year statute of limitations.  This longer period of limitations applies by virtue of the fact that plaintiff signed the contracts for services under seal.  With regard to its request for prejudgment interest, Pacific Rehab calculated the requested amount based on the *last* date on which treatment was provided to plaintiff.  This is not only consistent with Maryland law but is also authorized by the agreements plaintiff signed at the inception of the relationship.  In addition, even if plaintiff were somehow correct and Pacific Rehab miscalculated the requested amount of prejudgment interest, such an error does not support of a violation of the FDCPA.  Lastly, Pacific Rehab's use of a name other than its own in the collection action, even if technically incorrect, is not material and thus not actionable under the FDCPA.

Plaintiff's other claims fare no better.  Plaintiff's MCDCA claim fails for many of the same reasons that her FDCPA claim fails.  Plaintiff's MCDCA claim is predicated on the allegation that by filing the collection action in the district court, Pacific Rehab was attempting to "enforce a right with

- 3 -

knowledge that the right did not exist." CL § 14-202(8); Complaint, ¶¶ 72-73. This allegation is belied by plaintiff's own admission that she incurred the debt and never paid it. Plaintiff's admission combined with the fact that the collection action was timely filed is fatal to her claim under the MCDCA.

Plaintiff's MCPA claim likewise fails but for different reasons. *First*, as a provider of physical therapy and medical services, Pacific Rehab is statutorily exempt from the MCPA. *Second*, even if the MCPA applied, plaintiff has failed to sufficiently allege any actual injury causally related to the purported deceptive conduct, which is required to state a private cause of action under the Act. *Third*, plaintiff's MCPA claim is derivative of her MCDCA claim and because that claim fails so too does her claim under the MCPA. For any one or for all of these reasons, plaintiff has failed to state a claim under the MCPA upon which relief can be granted.

Plaintiff's malicious use of process claim is also subject to dismissal because the collection action was properly initiated against plaintiff in an attempt to collect payment for services that plaintiff admittedly received from Pacific Rehab and for which plaintiff never paid. Even if this court were to infer otherwise, plaintiff's claim still would fail because she has not and cannot allege any "special injury"," which is required to maintain an action for this intentional tort.

Lastly, regardless of whether any of plaintiff's claims survive dismissal, plaintiff's request for declaratory and injunctive relief must be dismissed. Such relief is simply not available under the FDCPA, MCDA, or the MCPA as a matter of law.

## II.     FACTUAL ALLEGATIONS

At some point prior to November 16, 2005, plaintiff suffered a personal injury that required her to receive medical treatment and physical therapy. Complaint, ¶¶ 19-22. Plaintiff was sent by her attorney to 1120 St. Paul Street, Baltimore, Maryland to receive such treatment. *Id.* According to the

- 4 -

State Department of Taxation and Assessments, that address is the principal office of Pacific Rehab.  *See* printout from http://www.dat.state.md.us/ (last visited 10/24/12), attached hereto as Exhibit 1.[2]

Pacific Rehab does business under two trade names, "St. Paul & Biddle Medical Associates, P.A." and "Pacific Rehab of Maryland, Inc."  Complaint, ¶¶ 21 and 22; *see also* district court complaint styled *Pacific Rehab & Sports Medicine, Inc. a/t/a Pacific Rehab of MD, Inc. [and] a/t/a St. Paul & Biddle Medical Assoc. v. Shantavia Hart*, Case No. 310-11 (Dist. Ct. of Md. for Baltimore City) (District Court Collection Lawsuit), attached hereto as Exhibit 2.[3]  These two trade names were used by Pacific Rehab from the inception of its relationship with plaintiff.  One trade name appeared in the "Agreement and Authorization for Payment" signed by plaintiff and the other appeared in the "Assignment of Benefits" also signed by plaintiff.  Complaint, ¶¶ 21-22; Exhibit 2 (District Court Collection Lawsuit – "Agreement and Authorization for Payment" and "Assignment of Benefits").[4]  Directly adjacent to plaintiff's signature on both pre-printed documents was the word "(SEAL)".  *Id.*

---

[2] In reviewing a motion to dismiss under Rule 12(b)(6), the Court may properly take judicial notice of matters of public record.  *Hall v. Virginia*, 383 F.3d 421, 424, n.3 (4th Cir. 2004) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986)).

[3] Although plaintiff did not attach a copy of the District Court Collection Lawsuit to her complaint, it forms the basis of her claims and therefore the Court can consider the document in resolving a motion to dismiss.  *See American Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004); *Miller v. Pacific Shore Funding, Inc.*, 224 F. Supp. 2d 977, 984 n.1 (D. Md. 2002) (considering loan documents relied upon but not attached to complaint in resolving motion to dismiss), *aff'd*, 92 Fed. Appx. 933 (4th Cir. 2004) (Table).  *See also* fn. 2, *supra.*.

[4] These same trade names also appear on the invoices reflecting the treatment provided to plaintiff.  Exhibit 2 (District Court Collection Lawsuit – Invoices).

- 5 -

By signing the "Agreement and Authorization for Payment" and "Assignment of Benefits," plaintiff agreed and understood that she would be "responsible for any balance due as a result of any payment made by my insurance carrier providing Personal Injury Protection to [her], which is less than the amount billed by" either "Pacific Rehab of Maryland" or "St. Paul & Biddle Medical Associates, P.A." Exhibit 2 (District Court Collection Lawsuit – "Agreement and Authorization for Payment" and "Assignment of Benefits"). Plaintiff also agreed "to pay legal interest and attorney fees accrued in pursuit of collection of monies for services rendered." *Id.*

Starting on November 16, 2005 and continuing until December 19, 2005, plaintiff received treatment for her personal injuries. Complaint, ¶ 19; Exhibit 2 (District Court Collection Lawsuit – Invoices). Some of the treatment was provided by Pacific Rehab under its trade name "Pacific Rehab of Maryland, Inc." while other treatment was provided under Pacific Rehab's other trade name "St. Paul & Biddle Medical Assoc." *Id.* Regardless of when and under what name the treatment was provided, plaintiff did not pay for any of the services provided. Complaint, ¶ 20.

Consequently, on January 5, 2011, Pacific Rehab, through its counsel, initiated the District Court Collection Lawsuit against plaintiff. Exhibit 2 (District Court Collection Lawsuit). The collection lawsuit identified "Pacific Rehab & Sports Medicine, Inc." (a predecessor to Pacific Rehab) as the plaintiff but also referred to Pacific Rehab's trade names "Pacific Rehab of MD, Inc." and "St. Paul & Biddle Medical Assoc." in the caption of the complaint. *Id.* Represented by the same attorney who is representing her here, plaintiff filed an amended notice of intention to defend in the district court collection action on March 29, 2012, in which she raised many of the same defenses that now form the basis of her affirmative claims against Pacific Rehab in this case. Complaint, ¶ 38. Rather than litigate those matters in the District Court of Maryland for Baltimore City, Pacific Rehab dismissed the District

- 6 -

Court Collection Lawsuit with prejudice on July 10, 2012.  *Id.*  This putative class action lawsuit followed.

## III.     STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint while preserving judicial resources and avoiding unnecessary discovery.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  On May 18, 2009, the Supreme Court rendered its opinion in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and reiterated that the pleading requirements of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) should be rigorously enforced by the lower courts when considering a Rule 12(b) motion to dismiss a complaint. The Court explained that while a complaint attacked by a Rule 12(b)(6) motion does not need "detailed factual allegations," Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

Lower courts should consider "[t]wo working principles" when considering a Rule 12(b) motion. *Iqbal,* 129 S. Ct. at 1949.  *First*, a court is not bound to accept as true legal conclusions couched as factual allegations.  To the contrary, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 1949.  *Second*, "[t]o survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible on its face.*'"  *Id.* (quoting *Twombly*, 550 U.S. at 570) (emphasis added).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

- 7 -

complaint . . . has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R.

Civ. P. 8(a)(2)).

To guide lower courts on the "plausibility" principle, the Court explained:

> A claim has facial plausibility when the plaintiff pleads factual content
> that allows the court to draw the reasonable inference that the defendant is
> liable for the misconduct alleged. The plausibility standard is not akin to
> a "probability requirement," but it asks for more than a sheer possibility that
> a defendant has acted unlawfully.  Where a complaint pleads facts that are
> "merely consistent" with a defendant's liability, it "stops short of the line
> between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1950 (internal citations omitted).  Thus, "[d]etermining whether a complaint states a plausible

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.*

Here, even accepting the facts and inferences set forth in the complaint as true, plaintiff's

allegations fall far short of the standards articulated in *Iqbal* and *Twombly*.  As explained below,

plaintiff's complaint fails to establish any plausible claim for relief against Pacific Rehab.

## IV.    ARGUMENT

**A.    Plaintiff Has Failed To State A Claim Against Pacific Rehab For Violation Of The Fair
Debt Collection Practices Act.**

In 1977 Congress enacted the FDCPA in response to the widespread concern regarding the

"abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).

The co-equal purpose of the FDCPA is "to eliminate abusive debt collection practices by debt

collectors" and "to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged."  15 U.S.C. § 1692(e).  The legislative history of the

FDCPA demonstrates that it was passed as a broad remedial measure in response to "collection abuses

- 8 -

such as the use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting S. Rep. No. 95-392, at 2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696).

None of these egregious types of behavior occurred here. Rather, Pacific Rehab, through its attorneys, simply filed a lawsuit in the District Court of Maryland to collect a debt admittedly owed by plaintiff and then voluntarily dismissed the lawsuit upon receiving plaintiff's amended notice of intention to defend. Nonetheless, plaintiff alleges that Pacific Rehab's conduct violated several provisions of the FDCPA, generally falling under 15 U.S.C. § 1692e and 1692f which prohibit "false, deceptive, or misleading" representations and "unfair or unconscionable" means to collect a debt.

**1.     Pacific Rehab Is Not A "Debt Collector" Within The Meaning Of The FDCPA.**

Pacific Rehab cannot be held liable under the FDCPA because it is not a "debt collector" covered by the Act. The FDCPA regulates only the collection practices of debt collectors and applies only to debt collectors. *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). It is well settled that a creditor[5] collecting its own debt is not a debt collector for purposes of the FDCPA. *Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir. 1985) ("It is well-settled that provisions of the FDCPA generally apply only to debt collectors ... [a]nd, creditors are not liable under the FDCPA."); *In re Pultz*,

- 9 -

400 B.R. 185, 191 (Bkrtcy. D. Md. 2008) (same).  Plaintiff recognizes this limitation and attempts to

bring her claim against Pacific Rehab within a narrow exception that extends liability to:

> any creditor who, in the process of collecting his own debts, uses any
> name other than his own which would indicate that a third person is
> collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6).[6]  According to plaintiff, because Pacific Rehab used the names "Pacific Rehab &

Sports Medicine, Inc. a/t/a [also trading as] Pacific Rehab of MD, Inc. a/t/a St. Paul & Biddle Medical

Assoc." in the District Court Collection Lawsuit instead of its legal name, Pacific Rehab falls within the

false name exception and is therefore a debt collector subject to the FDCPA.  Plaintiff incorrectly

assumes that the false name exception applies if a creditor uses anything but its full and proper name of

incorporation.[7]  Complaint, ¶¶ 25, 26 and 34.

---

[5] Creditor is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such terms does not include any person to the extent that he received an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."  15 U.S.C. § 1692a(4).

[6] This is generally referred to as the "false name exception."

[7] Plaintiff's application of the false name exception is also misguided.  Section 1692a(6) of the FDCPA was intended to address the practice of "flat-rating", which one court has described as follows:

> A flat-rater is one who sells to creditors "dunning letters" bearing the letterhead
> of the flat-rater's collection agency and extorting the debtor to pay the creditor at
> once.... After purchasing these letters, the creditor sends them to his debtor in
> order to give the false impression of the existence of a third party debt collector
> and to instill a sense of urgency in the debtor.

*Orenbuch v. N. Shore Health Sys.*, 250 F. Supp. 145, 150 (S.D.N.Y. 2003) (citations omitted); *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 738 (7th Cir. 2004) (§ 1692a(6) was designed to "prohibit[] creditors from using the materials provided by flat-raters to intimidate their debtors into paying").

Here, plaintiff does not allege and is not claiming that Pacific Rehab engaged in "flat-rating" or that Pacific Rehab posed as a debt collector in order to intimidate her into paying the debt.  As such, the exception in 15 U.S.C. § 1692a(6) is inapplicable and cannot support a claim against Pacific Rehab for violating the FDCPA. *Id.* (exception applies only where the creditor poses as a debt collector in order to intimidate the debtor into paying the debt by deceiving the debtor into believing that a debt collector, as opposed to the creditor itself, is

(continued…)

"[A] creditor[, however,] need not use its full business name or its name of incorporation to avoid FDCPA coverage, [but] it should use the name under which it normally transacts business, or a commonly-used acronym . . . or any name that it has used from the inception of the credit relation." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 236 (2d Cir. 1998) (internal quotations omitted); *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 740 (7th Cir. 2004) (finding that an unsophisticated consumer would not be left with the impression that a third party was involved in the debt collection conduct where creditor was Chicago Cable, but represented itself as AT&T Cable Services); *Dickinson v. Townside T.V. & Appliance, Inc.*, 770 F. Supp. 1122, 1128 (S.D. W.Va. 1990) ("it must be remembered that the FDCPA extends the term "debt collector" not to a "creditor who, in the process of collecting his own debts, uses any name other than his own," but to a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.").

The Official FTC Staff Commentary on the issue is in accord:

> A debt collector may use a name that does not misrepresent his identity or deceive the consumer.  Thus, a collector may use its full business name, the name under which it usually transacts business, or a commonly-used acronym. When the collector uses multiple names in its various affairs, it does not violate this subsection if it consistently uses the same name when dealing with a particular consumer.

53 Fed. Reg. 50097, 50107 (1988).

---

seeking to recover the debt); *Shula v. Lawent*, 359 F.3d 489, 492 (7th Cir. 2004); *Villarreal v. Snow*, No. 95 C 484, 1996 WL 473386, at *3 (N.D. Ill. Aug. 19. 1996) ("a creditor does not fall within the 'used a name other than its own' exception unless the creditor actually pretends to be someone else or uses a pseudonym or alias.").

2395056.1 43130/119938 11/02/2012

Thus, the focal point of the false name exception "is not whether the name used by the creditor is permitted by law, but on" whether the consumer was actually and reasonably deceived into believing that a debt collector, as opposed to the creditor itself, was attempting to collect the debt. *Gutierrez*, 382 F.3d at 739 ("[T]he FDCPA's focus is not on whether the name used by the creditor is permitted by law, but on whether the name used results in the debtor's deception in terms of what entity is trying to collect his debt.").   In determining whether a creditor is a debt collector under the false name exception, courts apply an objective standard of how the "least sophisticated consumer" would interpret the conduct.[8] *Maguire*, 147 F.3d at 236 ("The triggering of the FDCPA does not depend on whether a third party is in fact involved in the collection of a debt, but rather whether a least sophisticated consumer would have the false impression that a third party was collecting the debt."); *United States v. National Fin. Servs., Inc.*, 98 F.3d 131, 135-37 (4th Cir. 1996) (although in a different context under the FDCPA, applying the objective test of how the "least sophisticated consumer" would interpret the conduct); *Mazzei v. Money Store*, 349 F. Supp. 2d 651, 659-60 (S.D.N.Y. 2004) ("[t]he triggering of the FDCPA . . . [depends on] whether a least sophisticated consumer would have the false impression that a third party was collecting the debt." (citing *Maguire*, 147 F.3d at 236)).   "The question . . . [this Court] must answer is whether, under the least sophisticated consumer standard, a consumer would be deceived into believing that the . . . [District Court Collection Lawsuit] . . . was not from [Pacific Rehab], but . . . was from an unrelated

---

[8] This objective standard is designed to protect "all consumers, the gullible as well as the shrewd." *United States v. National Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1983)).   Equally important, the least-sophisticated-consumer standard also protects scrupulous debt collectors in that it "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.*

third party." *Maguire*, 147 F.3d at 236.[9]

Here, plaintiff does not and cannot allege that she was actually deceived or that the least sophisticated consumer would have had the impression that the District Court Collection Lawsuit was initiated by a third party unrelated to Pacific Rehab or either of its trade names - Pacific Rehab of MD, Inc.  and St. Paul & Biddle Medical Assoc.  Indeed, nowhere in her 83-paragraph complaint does plaintiff ever claim that the manner in which the District Court Collection Lawsuit was styled caused her to believe that someone other than the entities from whom she received treatment was trying to collect the debt.  The District Court Collection Lawsuit shows on its face that it was filed under the trade names "Pacific Rehab of MD, Inc." and "St. Paul & Biddle Medical Assoc."[10]  These are the same names that appear in the "Agreement and Authorization for Payment" and "Assignment of Benefits" that are attached to District Court Collection Lawsuit and that plaintiff signed at the inception of the relationship, agreeing to be "responsible for any balance due."   Complaint, ¶¶ 21-22; Exhibit 2 (District Court Collection Lawsuit - Agreement and Authorization for Payment and Assignment of Benefits).  These are also the same names that appear on the invoices attached to the District Court Collection Lawsuit.

---

[9] This question is a legal determination that is the proper subject of a motion to dismiss.  *See Stroman v. Bank of America Corporation*, 852 F. Supp. 2d 1366  (N.D. Ga. 2012) (dismissing FDCPA claim because under the "least sophisticated consumer" standard "alternating between BAC Home Loans and Bank of America Home Loans" did not create the impression that a third party debt collector was attempting to collect the debt); *Schaffhauser v. Citibank (South Dakota), N.A.*, No. 1:05-CV-2075, 2007 WL 2752141, at *3 (M.D. Pa. Sept. 19, 2007) (noting that the least sophisticated consumer would not conclude from different Citibank names that a third party debt collector was involved); *Franceschi v. Mautner-Glick Corp.*, 22 F. Supp. 2d 250, 255 (S.D.N.Y. 1998) (dismissing FDCPA claim against individual landlord because the plaintiff did not allege and the least sophisticated consumer would not have had the impression that the corporate management company employed by the landlord was a third party collecting the debt).

- 13 -

Exhibit 2 (District Court Collection Lawsuit – Invoices).  These invoices show a business address of 1120 St. Paul Street, Baltimore, Maryland, which is the same address where plaintiff alleges she received physical therapy services and where Pacific Rehab maintains its principal office.  *Id.*; *see also* Exhibit 1 (SDAT printout) and Complaint, ¶ 19.  Under these facts, not even the least sophisticated consumer would have had the false impression that a third party unrelated to Pacific Rehab or its trade names was attempting to collect the debt.  Accordingly, the false name exception does not apply and Pacific Rehab is not a debt collector subject to the FDCPA.  *See, e.g. Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513-14 (6th 2007) ("'Ironically, it appears that it is *often the extremely sophisticated consumer who takes advantage of the civil liability scheme defined by this statute*, *not the individual who has been threatened or misled. * * *  There comes a point where this Court should not be ignorant as judges of what we know as men.*' * * * [W]e will not 'countenance lawsuits based on frivolous misinterpretations or nonsensical assertions of being led astray.'" (citing *Jacobson v. Healthcare Fin. Servs., Inc.*, 434 F. Supp. 2d 133, 138-39 (E.D.N.Y. 2006) (emphasis in original) (internal punctuation removed)).

## 2. The District Court Collection Lawsuit Filed Against Plaintiff Was Timely And Therefore Did Not Violate the FDCPA.

Even if Pacific Rehab were subject to the FDCPA, which it is not, plaintiff's claim that Pacific Rehab "use[d] the District Court of Maryland to attempt to collect time-barred debts" is without merit.

---

[10] When Pacific Rehab changed counsel, its new counsel entered its appearance, listing the plaintiff as "Pacific Rehab of Maryland, Inc. t/a St. Paul & Biddle Medical Associates."  *See* Entry and Withdrawal of Appearances, attached hereto as Exhibit 3.

Pacific Rehab filed the District Court Collection Lawsuit well within the 12-year statute of limitations applicable to contracts signed under seal.

According to the complaint, plaintiff received treatment for her personal injuries between November 16, 2005 and December 19, 2005.  Complaint, ¶¶ 19, 21 and 22.  Prior to receiving treatment, plaintiff executed an "Assignment of Benefits" with St. Paul & Biddle Medical Associates on November 14, 2005 and an "Agreement and Authorization for Payment" with Pacific Rehabilitation of Maryland five days later on November 19, 2005.  Complaint, ¶¶ 21 and 22; Exhibit 2 (District Court Collection Lawsuit - Agreement and Authorization for Payment and Assignment of Benefits).  Both pre-printed agreements include the word "(Seal)" next to the signature block containing plaintiff's handwritten signature.  Complaint, ¶ 29; Exhibit 2 (District Court Collection Lawsuit - Agreement and Authorization for Payment and Assignment of Benefits).

The inclusion of the word "seal'' in the pre-printed forms executed by plaintiff causes both documents to be instruments under seal and therefore governed by Md. Code Ann., Cts. & Jud. Proc. § 5-102(a)(5), which provides for a 12-year statute of limitations for contracts under seal.  It is well established Maryland law that the inclusion of the word "seal" in a pre-printed form executed by an individual is sufficient to make the instrument one under seal subject to a 12-year statute of limitations. *Warfield v. Baltimore Gas & Elec. Co.*, 307 Md. 142, 512 A.2d 1044 (1985) ("We shall hold in this case that the inclusion of the word ""seal" in a preprinted form executed by an individual is sufficient to make the instrument one under seal'"); *Pacific Mortgage and Invest. Group, Ltd v. Horn*, 100 Md. App. 311, 641 A.2d 913 (1994) (same).

The Maryland Court of Appeals decision in *Warfield* is on point.  In that case, Barbara L. Warfield  executed a guaranty to Baltimore Gas & Electric Company (BG&E) in 1979.  307 Md. at 143,

512 A.2d at 1044.  The guaranty was on a standard form of the company and the word "(SEAL)" was printed at the end of each of the prepared lines on the form and appeared after the signature of Ms. Warfield.  *Id.*  On February 11, 1985, BG&E brought suit on the guaranty for services rendered through February 2, 1982 and moved for the entry of summary judgment on the debt.  Ms. Warfield opposed summary judgment, claiming that the suit was not brought within three years after the cause of action accrued.  *Id.*  The trial judge disagreed and found that the guaranty was under seal and therefore was timely filed.  Ms. Warfield appealed.

On appeal, Ms. Warfield attempted to avoid the application of the 12-year statute of limitations by arguing, as plaintiff does here (Complaint, ¶ 30), that merely printing the word "Seal" on the document is not sufficient.  Rather, according to Ms. Warfield, "there must be some recognition in the instrument that it is under seal."  *Warfield*, 307 Md. 147-48, 512 A.2d 1046-47.  The Maryland Court of Appeals rejected this contention, concluding that the inclusion of the word "seal" in the preprinted guaranty was sufficient to make the contract under seal.  *Warfield*, 307 Md. at 148, 512 A.2d at 1047.  In its opinion, the court cited with approval the following language from this Court's decision in *General Petroleum Corporation v. Seaboard Terminals Corporation*, 23 F. Supp. 137, 140 (D. Md. 1938):

> 1. If the contract is signed by an *individual* opposite and in obvious relation to a legally sufficient seal, the instrument will be taken as a sealed document, where there is nothing on the face of the paper to indicate the contrary even though there be no reference to the seal in the wording of the paper.  'A recital of the sealing or of the delivery of a written promise is not essential to its validity as a sealed contract.' A.L.I. *Restatement of the Law of Contracts*, § 100.  'A promisor who delivers a written promise to which a seal has been previously affixed or impressed with apparent reference to his signature, thereby adopts the seal.' A.L.I. *Restatement of the Law of Contracts*, § 98(1).

- 16 -

*Id.*, at 143-44, 512 A.2d at 1044-45.   The court also relied on *Federal Reserve Bank of Richmond v. Kalin*, 81 F.2d 1003, 1007 (4th Cir. 1936), where the Fourth Circuit stated:

> Whether a mark or character shall be held to be a seal depends upon the intention of the executant, 'as shown by the paper.' And, as the word 'seal' in parenthesis is in common use as a seal, its presence upon an instrument in the usual place of a seal, opposite the signature, undoubtedly evinces an intention to make the instrument a sealed instrument, which should be held conclusive by the court, in the absence of other indications to the contrary appearing on the face of the instrument itself.

*Id.*, at 145, 512 A.2d at 1045.

More recently, the Maryland Court of Special Appeals followed the precedent established by *Warfield* in deciding a similar issue in *Pacific Mortgage and Investment Group, Ltd v. Horn*, 100 Md. App. 311, 641 A.2d 913 (1994).  In *Horn*, the plaintiff brought an action under Maryland's Secondary Mortgage Loan Law, CL §§ 12-301, *et seq.*, alleging that there were various irregularities attendant to the origination of her mortgage loan transaction.  The lender asserted that the action was brought more than 3 years after origination and, thus, was untimely.  The court disagreed.  Because the note and deed of trust were "under seal", i.e., the word "seal" was placed on a pre-printed form by the lender, the court held that the "twelve year statute of limitations applies and that this case was timely filed." *Id.* at 322, 641 A.2d 913.

The rule stated in *Warfield* and *Horn* applies with equal force to this case.  Both the Agreement and Authorization for Payment and the Assignment of Benefits were signed by plaintiff, were executed on pre-printed forms, and the word "Seal" is pre-printed on both form agreements next to the signature line containing plaintiff's signature.  Complaint, ¶ 29; Exhibit 2 (District Court Collection Lawsuit - Agreement and Authorization for Payment and Assignment of Benefits).  Accordingly, Pacific Rehab had 12 years from the date of last treatment to initiate legal action against plaintiff to collect the debt.

Since the District Court Collection Lawsuit was filed on January 5, 2011 – a little more than 5 years after the debt accrued (Complaint, ¶ 19) – the complaint was timely and thus its filing did not violate 15 U.S.C. § 1692e or 1692f as alleged here by plaintiff.  Complaint, ¶¶ 46, 47, and 66.

      **3.**      **Pacific Rehab Was Entitled To Seek Interest On The Unpaid Date As Of The Last Date On Which Plaintiff Received Treatment And Incurred The Underling Debt.**

Plaintiff also claims that Pacific Rehab violated the FDCPA by "claim[ing] interest measured from the first date of treatment, when the contractual documents creating the alleged debt did not expressly authorize that interest would be due on that basis."  Complaint, ¶¶ 37, 48, and 49.  This allegation is factually incorrect and is belied by the District Court Collection Lawsuit that forms the basis of plaintiff's claims.  *See, e.g.*, *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (recognizing that the court need not accept as true allegations that are contradicted by exhibits).

The Prejudgment Interest Worksheet attached to the District Court Collection Lawsuit calculates interest from "**12-19-05** through 12-18-10."  Exhibit 2 (District Court Collection Lawsuit – Prejudgment Interest Worksheet (emphasis added)).  According to plaintiff's own complaint, December 19, 2005 is the <u>last</u> date on which plaintiff received treatment, not the first date.  Complaint, ¶ 19 ("From November 16, 2005, through <u>December 19, 2005</u>, Plaintiff received physical therapy services . . . ) (emphasis added).  Calculating prejudgment interest based on the last date of treatment and thus the date on which the amount of the debt became certain is consistent with both Maryland law and the Agreement and Authorization for Payment and the Assignment of Benefits signed by plaintiff.  *See Baltimore County, Maryland v. Aecom Servs., Inc.*, 200 Md. App. 380, 424, 28 A.3d 11, 37 (2011) (recognizing that prejudgment interest is allowed as a matter of right when "the obligation to pay and the amount due [have] become certain, definite, and liquidated by a specific date prior to judgment so that the effect of

the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date") (quoting *Buxton v. Buxton*, 363 Md. 634, 656-57, 770 A.2d 152 (2001); Exhibit 2 (District Court Collection Lawsuit –Agreement and Authorization for Payment and Assignment of Benefits (authorizing the accrual of "legal interest" on all amounts owed)).

As if this were not enough, even if Pacific Rehab's request for prejudgment interest was incorrectly calculated, such error is not actionable under the FDCPA.  The request for prejudgment interest is "just that - a request directed to the court, not a communication directed to the debtor, and certainly not a misrepresentation."  *Sayyed v. Wolpoff & Abramson, LLP*, 733 F. Supp. 635, 648-49 (D. Md. 2010) (holding that request for attorneys' fees in *ad damnum* clause of summary judgment motion was not actionable under the FDCPA) (citing *Bull v. Asset Acceptance, LLC*, 444 F. Supp. 2d 946, 950 (N.D. Ind. 2006) (noting that if an agreement authorizes collection of reasonable attorney fees, a request for a specific amount is not actionable under the FDCPA); *Rael v. Davis*, No. 06-0081, 2006 WL 2346396, at *4-5 (S.D. Ind. Aug. 11, 2006) (holding that "even though there was no contractual basis for the fee request and a fee award may have been unlikely given the limited exceptions to the American Rule regarding payment of fees ... the mere request for attorney's fees did not violate the FDCPA")).

In *Sayyed*, the plaintiff claimed that the collection law firm's request for fifteen percent (15%) attorneys' fees amounted to a false representation as to the compensation that could lawfully be received by the law firm for its services, which is prohibited by 15 U.S.C. § 1692e, and the claim for fees represented an attempt to collect an amount not expressly authorized by the credit agreement or permitted by law, in violation of 15 U.S.C. § 1692f.  Judge Messitte rejected both claims as a matter of law and found that such a fee request does not violate the FDCPA:

> A prayer for relief in a complaint, even where it specifies the quantity of

> attorney's fees, is just that: a request to a third party - the court-for
> consideration, not a demand to the debtor himself. A request for attorney's
> fees ultimately rests upon the discretion of the court and a determination of
> applicability at a later stage of the litigation. The whole purpose of
> regulating debt collection was to "supervise" a range of unsupervised
> contacts, such as demand letters and late-night telephone calls.  In contrast,
> a statement in a pleading is supervised by the court and monitored by
> counsel. The two situations are drastically different.

*Sayyed*, 733 F. Supp. at 648 (quoting *Argentieri v. Fisher Landscapes, Inc.*, 15 F. Supp. 2d 55, 61-62 (D.

Mass. 1998)).  This same reasoning and analysis apply equally here and cause plaintiff's FDCPA claim

based on Pacific Rehab's request for prejudgment interest to fail as a matter of law.

   **4.     The Alleged Misrepresentations By Pacific Rehab Were Not Material And Are Thus
          Not Actionable.**

       In addition to the other arguments warranting dismissal of plaintiff's claims, plaintiff's allegation

that Pacific Rehab violated the FDCPA by filing suit in a  name other than its "legal name" or the name

of the "true" creditor does not meet the legal threshold requirement for materiality so as to state a claim

under 15 U.S.C. § 1692e or 1692f.  *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir.

1992) (it is for the court to rule on the issue of whether the action of a debt collector is deceptive to the

least sophisticated consumer as a matter of law).

       Federal courts throughout the country have held that false, but non-material representations are

not likely to mislead even the least sophisticated consumer and therefore are not actionable under the

FDCPA:

> Materiality is an ordinary element of any federal claim based on a false or
> misleading statement. We do not see any reason why materiality should
> not equally be required in an action based on § 1692e. The statute is
> designed to provide information that helps consumers to choose
> intelligently, and by definition immaterial information neither contributes
> to that objective (if the statement is correct) nor undermines it (if the
> statement is incorrect). . . . "[I]f a statement would not mislead the

- 20 -

> unsophisticated consumer, it does not violate the [Act] -- even if it is false in some technical sense." A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.

*Hahn v. Triumph P'ships, LLC*, 557 F.3d 755, 758 (7th Cir. 2009); *see also Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) ("We agree with the approach adopted by the Sixth and Seventh Circuits. We have consistently held that whether conduct violates §§ 1692e or 1692f requires an objective analysis that considers whether 'the least sophisticated debtor would likely be misled by a communication.' We now conclude that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f.") (citations omitted) *Miller v. Javitch*, *Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (materiality required to establish a FDCPA violation); *Starosta v. MBNA America Bank*, *N.A.*, 244 Fed. Appx. 939, 2007 WL 2007944 (11th Cir. 2007) (debt collection firm use of acronym "P.A." not a violation even when collection firm is not a professional services corporation because, among other things, its use cannot be said to have either misled, confused or deceived the plaintiff).

District court within the Fourth Circuit are in accord. *See Stewart v. Bierman*, 859 F. Supp. 2d 754, 764 (D. Md. 2012) ("[T]he Fourth Circuit's citations to *Hahn*, *Donohue*, and *Miller* leads to the conclusion that in order to overcome a motion to dismiss a FDCPA claim that involves a false representation, a complaint must contain sufficient factual matter, accepted as true, that the alleged false representations were material.") (internal quotation and citation omitted). *Albritton v. Sessoms & Rogers*, No. 09-CV-321, 2010 WL 3063639, at *6-7 (E.D.N.C. Aug. 3, 2010) (adopting materiality standard for claim under FDCPA).

The alleged violations of which plaintiff complains are immaterial and have no impact whatsoever on her rights under the FDCPA. Plaintiff has not indicated how the filing of the District

- 21 -

Court Collection Lawsuit in the name of "Pacific Rehab & Sports Medicine, Inc. a/t/a Pacific Rehab of MD, Inc. a/t/a St. Paul & Biddle Medical Assoc." "would likely confuse or coerce a debtor into paying a debt or confuse the 'least sophisticated debtor' about her rights under the FDCPA." *O'Fay v. Sessoms & Rogers, P.A.*, No. 5:08-cv-00615-D, 2010 U.S. Dist. LEXIS 104307, at \*7 (E.D.N.C. Feb. 9, 2010). Even if filing suit in the name "Pacific Rehab & Sports Medicine, Inc." was technically inaccurate or confusing, "any confusion was immaterial" and therefore did not give rise to liability under the FDCPA. *Id. See McLain v. Daniel N. Gordon, P.C.*, 2010 U.S. Dist. LEXIS 86794, at \*\*20-21 (D. Wash. Aug. 24, 2010) (dismissing FDCPA claim under § 1692e; "The Court finds that naming Midland as the creditor, while false, was not material and therefore, not actionable.  The Court also concludes that such an error would not likely confuse the least sophisticated consumer.  This conclusion is consistent with case law.").

**B.      Plaintiff Has Failed To State A Claim Against Pacific Rehab For Violations Of The Maryland Consumer Debt Collection Practices Act.**

Based on the same allegations that support her FDCPA claim, plaintiff claims that Pacific Rehab also violated § 14-202(b) of the MCDCA.  That section prohibits a debt collector from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist."  CL § 14-202(8).  Here, plaintiff does not deny that she owed the debt.  Rather, plaintiff raises a series of technical arguments – some of which are without factual support – in an attempt to obtain a windfall of recovery against Pacific Rehab and others.  For the reasons outlined in sections I.A. 2-4 above, none of plaintiff's claims have merit.  Pacific Rehab had the lawful right to initiate the District Court Collection Lawsuit to recover the debt admittedly owed by plaintiff and to request prejudgment interest on that debt, accruing as of the last date on which plaintiff received services.

- 22 -

In addition to Pacific Rehab's legal arguments, there are simply no plausible facts alleged in the complaint to support plaintiff's claim that Pacific Rehab initiated the District Court Collection Lawsuit or sought prejudgment interest "with knowledge that the right [to do so did] . . . not exist." CL § 14-202(8); *see Allen v. Bank of America Corp.*, Civ. No. CCB-11-33, 2011 WL 3654451, at *9 (D. Md. Aug. 18, 2011) (dismissing MCDCA claim because "plaintiffs here have failed to allege facts sufficient for the court to infer that Cohn attempted to collect a debt with a high degree of awareness of its probable nonexistence or that he actually doubted its existence"). Plaintiff's conclusory assertions to the contrary (Complaint, ¶¶ 35-37) are insufficient to state a claim under the MCDCA. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 554-56 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'")).

**C.      Plaintiff Has Failed To State A Claim Against Pacific Rehab For Violations Of The Maryland Consumer Protection Act.**

**1.      As A Provider Of Medical Treatment And Physical Therapy, Pacific Rehab Is Statutorily Exempt From The MCPA.**

In her third cause of action, plaintiff claims that Pacific Rehab engaged in "unfair and deceptive trade practices" in violation of sections 13-303(1) and 13-301(14)(iii) of the MCPA. Plaintiff's claim is legally insufficient and subject to dismissal because the MCPA does not apply to physical therapists or medical providers, like Pacific Rehab. *See* Complaint, ¶¶ 6, 21-22 (alleging that plaintiff received physical therapy from Pacific Rehab and medical services from "St. Paul & Biddle Medical Associates, P.A."); Exhibit 2 (District Court Collection Lawsuit – Invoices).

Section 13-104 of the CPA exempts those who provide the following services:

(1) The professional services of a certified public accountant, architect, clergyman, professional engineer, lawyer, veterinarian, insurance company authorized to do business in the State, insurance producer licensed by the

- 23 -

> State, Christian Science practitioner, land surveyor, property line surveyor, chiropractor, optometrist, *physical therapist*, podiatrist, real estate broker, associate real estate broker, or real estate salesperson, or *medical or dental practitioner*.

CL § 13-104 (emphasis added).

Based on the language of section 13-104, Pacific Rehab is expressly exempt from the MCPA's application. That the alleged conduct relates to the collection efforts of Pacific Rehab as opposed to physical therapy or medical services is of no legal consequence. The Maryland Court of Special Appeals recently addressed a similar issue in *Scull v. Doctors Groover, Christie & Merritt, P.C.*, 205 Md. App. 567, 45 A.3d 925 (2012). In that case, plaintiff sued a medical practice group known as "Doctors Groover, Christie & Merritt, P.C" ("GCM") claiming, *inter alia,* that its billing practices were unfair and deceptive in violation of the MCPA. Plaintiff argued that the exemption in the MCPA for medical practitioners was not applicable because the exemption applied only to "direct professional services, not services indirectly related to the provision of professional services, such as billing." 205 Md. App. at 584, 45 A.3d at 935. The court disagreed and found that "the billing services of GCM are included in professional services and are therefore, exempt from the Consumer Protection Act." *Id*. The same result obtains here. Because Pacific Rehab provides physical therapy and medical services, it is exempt from the MCPA. Plaintiff's claim therefore fails as a matter of law.

> **2.** **Plaintiff's Claim For Violation Of The MCPA Is Subject To Dismissal Because Plaintiff Does Not Allege Any Actual Injury Causally Related To Pacific Rehab's Collection Efforts.**

Even if Pacific Rehab were subject to the MCPA (which it is not), plaintiff has failed to alleged sufficient facts to state a claim for relief. The CPA provides for a private right of action to "any person . . . . to recover for injury or loss sustained by him as a result of a practice prohibited by this title."

- 24 -

CL § 13-408(a).  The Maryland Court of Appeals explained in *Citaramanis v. Hallowell* that "[i]t is manifest from the language employed in [subsection (a) of § 13-408 of the MCPA] that the General Assembly intended that a plaintiff pursuing a private action under the CPA prove actual 'injury or loss sustained.'"  328 Md. 142, 151-52, 613 A.2d 964, 968 (1992).  In *Citaramanis*, plaintiffs rented a home from defendants for a period of 18 months.  *Id.* at 965.  It was undisputed that defendants had failed to obtain the proper licensing to rent their house to plaintiffs and failed to disclose the lack of licensing to plaintiffs. *Id.* at 145, 613 A.2d at 965-66.  Plaintiffs claimed that defendants' failure to disclose the lack of necessary licensing constituted a violation of the CPA and sued to recover the rent paid over the term of the lease. *Id.* at 145, 613 A.2d at 965.  The Court held that even though the failure to disclose the lack of licensing may constitute a violation of the CPA, as it had previously held in *Golt v. Phillips*, 308 Md. 1, 517 A.2d 328 (1986), plaintiffs must allege actual loss or injury as a precondition to asserting a private right of action under the CPA. *Citaramanis*, 328 Md. at 154, 613 A.2d at 970.   In *Citaramanis*, plaintiffs failed to show that they had suffered any loss or injury under the CPA, even though defendants had unlawfully rented the home without the proper licensing. *Id.* at 153, 613 A.2d at 969.

Similarly here, even if Pacific Rehab's collection efforts are considered "unfair and deceptive" under the MCPA, plaintiff has not alleged and cannot show that she suffered any loss or injury causally related to Pacific Rehab's alleged conduct.  The District Court Collection Lawsuit was dismissed, no judgment was entered against plaintiff, and she never paid any amount of the disputed interest, much less, the outstanding debt.  The mere filing of the District Court Collection Lawsuit cannot not serve as a basis for plaintiff's MCPA claim without proof of injury or loss.  A private right of action under the MCPA is intended to be a purely compensatory remedy. *Mattingly v. Hughes Elecs. Corp.*, 107 F. Supp.

- 25 -

2d 694, 698 (D. Md. 2000).  Because plaintiff did not pay any portion of the outstanding debt about

which she now complains, she cannot establish any injury or loss under the MCPA.

Pacific Rehab is mindful that plaintiff generally alleges in her complaint that "[a]s a direct

consequence of Defendants' violation of the CPA, [she has] . . . suffered an injury or loss"   Complaint,

¶ 83.  However, plaintiff does not allege what "actual loss" or "injury" she sustained as a result of

Pacific Rehab's alleged conduct, nor does she allege any facts showing that the alleged conduct of

Pacific Rehab *caused* her any injury or loss.  Because plaintiff has not and cannot satisfy the actual

injury requirement for a private cause of action under the MCPA, her claim fails as a matter of law.  *See*

*Thompson v. Countrywide Home Loans Servicing, L.P.*, Civ. No. L-09-2549, 2010 WL 1741398, at *3

(D. Md. April 27, 2010) (dismissing CPA claim because plaintiff did not allege any facts showing that

he sustained any damage).

**3.     Because Plaintiff's MCDCA Claim Fails So Too Does Her Claim Under Section 13-301(14)(Iii) Of The MCPA.**

To the extent plaintiff's MCPA claim is predicated on CL § 13-301(14)(iii), that claim fails for

the same reasons as plaintiff's claim under the MCDCA fails.  A violation of the MCDCA constitutes an

"[u]nfair or deceptive trade practice[ ]" under the MCPA.  CL § 13-301(14)(iii).  Consequently, in

addition to asserting a claim under the MCDCA, plaintiff also asserts a claim under the MCPA based on

the same underlying allegations.  For the reasons discussed above, those allegations are insufficient to

state a claim upon which relief can be granted.  As such, because plaintiff's CPA claim pursuant to CL

§ 13-301(14)(iii) is wholly derivative of her MCDCA claim, and because that claim fails as a matter of

law, plaintiffs' MCPA claim likewise fails.  *See Allen*, 2011 WL 3654451, at *9 ("Therefore, the

plaintiffs have failed to properly state a claim that Cohn violated the MCDCA. The plaintiff's MCPA

- 26 -

claim with respect to Cohn is premised on his alleged MCDCA violation. Accordingly, both claims will be dismissed.").

**D.      Plaintiff Has Failed To State A Claim For Malicious Use Of Process.**

Maryland courts have long recognized that "suits for malicious use of process are viewed with disfavor in law and are to be carefully guarded against." *One Thousand Fleet Ltd. P'ship v. Guerriero*, 346 Md. 29, 694 A.2d 952, 955 (1997) (quoting *North Pt. Constr. Co. v. Sagner*, 185 Md. 200, 207, 44 A.2d 441, 444 (1945)). To maintain a cause of action for malicious use of process, a plaintiff must adequately plead facts showing that the following transpired:

> The cause of action for malicious use of process has five elements and all must co-exist to maintain the action. *First*, a prior civil proceeding must have been instituted by the defendant. *Second*, the proceeding must have been instituted without probable cause. Probable cause for purposes of malicious use of process means "a reasonable ground for belief in the existence of such state of facts as would warrant institution of the suit or proceeding complained of." *Third*, the prior civil proceeding must have been instituted by the defendant with malice. Malice in the context of malicious use of process means that the party instituting proceedings was actuated by an improper motive. As a matter of proof, malice may be inferred from a lack of probable cause. *Fourth*, the proceedings must have terminated in favor of the plaintiff. *Finally*, the plaintiff must establish that damages were inflicted upon the plaintiff by arrest or imprisonment, by seizure of property, or other special injury which would not necessarily result in all suits prosecuted to recover for a like cause of action.

*One Thousand Fleet*, 346 Md. at 37, 694 A.2d at 956 (internal citations omitted and emphasis added). The failure to sufficiently plead facts supporting any one of these five elements is grounds for dismissal of the claim. *Keys v. Chrysler Credit Corp.*, 303 Md. 397, 407, 494 A.2d 200, 205 (1985).

Here, plaintiff claims that Pacific Rehab initiated the District Court Collection Lawsuit "without probable cause and with the malicious intent of collecting monies alleged to be due and interest thereon

- 27 -

that are not collectible as a matter of law."   Complaint, ¶ 88.   Plaintiff tries to support this claim by relying on the same faulty allegations she asserts in connection with her other claims.   Specifically, plaintiff alleges that Pacific Rehab (1) initiated and maintained the District Court Collection Lawsuit even though the services were provided by "St. Paul & Biddle Medical Associates, P.A." and "Pacific Rehabilitation of Maryland"; (2) knew that the District Court Collection Lawsuit was time-barred and sought prejudgment interest that was improperly calculated; and (3) filed the District Court Collection Lawsuit with an "improper motive" to obtain judgments or settlements that were not collectible. Complaint, ¶¶ 81-84.

As explained above, none of these allegations have any basis in fact or in law.   The physical therapy and medical services that plaintiff admittedly received were provided by Pacific Rehab under its trade names "St. Paul & Biddle Medical Associates, P.A." and "Pacific Rehabilitation of Maryland." Thus, Pacific Rehab had the right (contractual or otherwise) to initiate the District Court Collection Lawsuit to recover payment from plaintiff for the services rendered.   The District Court Collection Lawsuit  was also timely filed as the claims were based on contracts that plaintiff signed under seal and thus were subject to a 12-year statute of limitations.   Those same contracts authorized the assessment of interest on any unpaid balance and, contrary to what plaintiff alleges in her complaint, such interest was measured as of the date of last treatment, which is consistent with Maryland law.   Accordingly, there are simply no plausible set of facts alleged in the complaint from which this Court could infer that Pacific Rehab initiated and maintained the District Court Collection Lawsuit "without probable cause" and "with malice."   This is particular true here where plaintiff admits owing the debt.   Complaint, ¶ 20. Accordingly, plaintiff's claim for malicious use of process fails as a matter of law.   *See Sagner*, 185 Md.

at 207, 44 A.2d at 445 ("Whether the evidence in any given case is legally sufficient to show want of probable cause is a question of law.").

Plaintiff's claim for malicious use of process fails for the additional reason that she has not and cannot allege any "special injury":

> Maryland has steadfastly adhered to the so-called "English" rule that no action will lie for the malicious prosecution of a civil suit when there has been no arrest of the person, no seizure of the property of the defendant, and no special injury sustained which would not ordinarily result in all suits prosecuted for like causes of action.

*Sagner*, 185 Md. at 207, 44 A.2d at 444.  *See also One Thousand Fleet*, 346 Md. at 47, 694 A.2d at 960 (finding that real estate developer's allegations that property owners' suits challenging zoning modification and building permits prevented it from obtaining financing, increased development costs and resulted in loss rental revenue were inadequate to show "special injury" for purposes of stating a claim for malicious use of process); *Shamberger v. Dessel*, 236 Md. 318, 321, 204 A.2d 68, 70n (1964) (finding no cause of action for malicious use of process because "there was no special injury sustained by the appellant which would not ordinarily result in all caveats to wills involving devises of real property").   "The mere expense and annoyance of defending a civil action is not a sufficient special damage or injury to sustain an action for malicious prosecution."  *Sagner*, 185 Md. at 207, 44 A.2d at 445.

Here, plaintiff alleges she suffered special damages including having a judgment entered against her, her wages garnished and false and misleading information reported to the credit reporting agencies. Complaint, ¶ 85 ("Plaintiff <u>and</u> the class she seeks to represent suffered special damages including the suffering of having judgments entered against them, the suffering of wage garnishments . . . ") (emphasis added).  ***Plaintiff asserts this allegation with full knowledge of its falsity***.  At paragraph 38 of her

- 29 -

complaint, plaintiff freely admits that Pacific Rehab dismissed the District Court Collection Lawsuit filed against her. As a result, no judgment was ever entered against plaintiff in favor of Pacific Rehab, no wages of plaintiff were ever garnished by Pacific Rehab, and no information concerning the entry of a judgment in favor of Pacific Rehab was ever reported to any credit reporting agency. Accordingly, even if the harm alleged in paragraph 85 of the complaint constituted a "special injury," the harm was not suffered by plaintiff. Plaintiff's claim for malicious use of process therefore fails. *Keys*, 303 Md. at 407, 494 A.2d at 205 (stating that all five elements must be sufficiently pled to state a claim for malicious use of process).

**E.**     **Plaintiff's Request For Declaratory And Injunctive Relief Should Be Dismissed.**

As part of her claims under the FDCPA, MCDCA, and MCPA, plaintiff seeks declaratory and injunctive relief. Specifically, plaintiff asks the court to enter declaratory judgments that (i) defendants' alleged practice violate the FDCPA, MCDCA, and MCPA; (ii) that Pacific Rehab "may not collect obligations purportedly created with contractual documents entered into with "St. Paul & Biddle Medical Associates, P.A." or "Pacific Rehab of Maryland"; (iii) that Pacific Rehab "may not attempt to collect for treatment more than three years after a payment was made on the account"; and (iv) that Pacific Rehab "may not sue for interest on the entire balance measured from the first date of treatment. Complaint at pp. 27-28, 30-31, and 33-34. Plaintiff also asks the court to vacate judgments entered by Maryland state courts "in favor of any entity named used by" Pacific Rehab. Complaint at p. 29. Even assuming plaintiff were able to state a claim against Pacific Rehab (which she cannot), such "declaratory and injunctive relief is not available under the FDCPA, MCDCA, or the MCPA." *Bradshaw v, Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 733 (D. Md. 2011) (citing *Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358 (D. Md. 2010)). *See also Winemiller v. Worldwide Asset Purchasing, LLC*, Civ. Action

No. RDB-09-cv-2487, 2011 WL 1457749, at *7 (D. Md. April 15, 2011) (dismissing plaintiff's request for declaratory and injunctive relief based on alleged violations of the FDCPA, the MCDCA, and the MCPA).   Accordingly, this Court should follow its rulings in *Hauk*, *Bradshaw*, and *Winemiller* and dismiss plaintiff's request for declaratory and injunctive relief.[11]

---

[11] In addition to the fact that the law does not allow plaintiff to seek declaratory and injunctive relief in this case, plaintiff does not have standing to pursue such relief.  Declaratory relief can only be granted by a federal court if "'there is a substantial controversy **between parties** having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"   *Friendship Villa-Clinton, Inc. v. Buck*, 512 F. Supp. 720, 728 (D. Md. 1981) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)) (holding no ongoing controversy existed where plaintiff nursing home, who was no longer a Medicaid provider, challenged federal and state regulations under the Medicaid statute, and therefore the monetary relief sought was barred and the claim was moot) (emphasis added)).   Any would-be controversy regarding Pacific Rehab's right to collect or plaintiff's obligation to pay for the services rendered was resolved when Pacific Rehab dismissed with prejudice the earlier collection action.   That dismissal renders plaintiff's claims relating to Pacific Rehab's right to collect moot.   *See, e.g., OneBeacon Ins. v. Metro Ready-Mix, Inc.*, 427 F. Supp. 2d 574, 575 (D. Md. 2006) (question of insurers' duty to defend was rendered moot when the underlying case settled), *aff'd*, 242 Fed. Appx. 936 (4th Cir. 2007); *USAA Cas. Ins. Co. v. Mummert*, 213 F. Supp. 2d 538 (D. Md. 2002) (same); *Bailer v. Erie Ins. Exch.*, 344 Md. 515, 519, 687 A.2d 1375, 1377 (1997) (holding that an action for a declaratory judgment or decree may not be used to decide moot questions).

## V.       CONCLUSION

For all the foregoing reasons, Pacific Rehab is entitled, as a matter of law, to dismissal of the class action complaint filed by plaintiff Shantavia Hart.

Respectfully submitted,

_____/s/_____
Brian L. Moffet
Federal Bar Number: 13821
GORDON, FEINBLATT LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland  21202
Tele: 410-576-4000
Fax.: 410-576-4246
Email: bmoffet@gfrlaw.com

**Attorney for Defendant**
**Pacific Rehab of Maryland, P.A.**

- 32 -