UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| SHANTAVIA HART, | * |
| Plaintiff | * |
|  | * |
| v. | Civil Action No.:  1:12-CV-02608-ELH |
|  | * |
| PACIFIC REHAB OF MARYLAND, P.A., *et al.*, | * |
| Defendants | * |

**DEFENDANT A.J. KODECK, CHARTERED'S REPLY TO
PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, A.J. Kodeck, Chartered ("Kodeck"), by its attorneys, R. Scott Krause and

Eccleston and Wolf, P.C., files this Reply to Plaintiff's Opposition to Kodeck's Motion to

Dismiss Plaintiff's Amended Complaint.

**I.      INTRODUCTION**

Having failed to assert valid claims in her original Complaint capable of overcoming the

legal arguments in Defendants' initial Motions to Dismiss, Plaintiff immediately amended her

Complaint in an effort to reinvent her claims.[1]  As demonstrated in Defendants' Motions to

Dismiss Plaintiff's Amended Complaint and emphasized in Defendants' Reply Memoranda,

Plaintiff's amended Counts fail to state valid claims for alleged improper debt collection activity.

Plaintiff has failed in her consolidated Opposition to refute Defendants' well-reasoned arguments

and to demonstrate the existence of a triable issue of fact or law.   Anticipating the legal

insufficiency of the claims in her Amended Complaint, Plaintiff seeks leave to file a Second

---

[1] In so doing, Plaintiff abandoned unfounded previously stated claims for Malicious Use of Process against all
Defendants.

Amended Complaint.  Plaintiff should not be afforded yet another opportunity to attempt to assert a claim that withstands scrutiny.

Beginning with the Introduction to her consolidated Memorandum in Opposition to Defendants' Motions to Dismiss, Plaintiff presents an improperly slanted discussion of the facts relating to the underlying unpaid debt for medical treatment rendered by Pacific Rehab, including facts that are irrelevant to Defendants and the legal issues addressed in the Motions to Dismiss.  Plaintiff claims that she and other unidentified patients of Pacific Rehab understood through communication with their respective personal injury attorneys that money owed for medical care provided at Pacific Rehab would not have to be paid if no recovery was achieved in their personal injury claims.  There is no allegation, however, that Plaintiff had any such agreement with Pacific Rehab and/or that Pacific Rehab agreed to forgive the debt.

In fact, the contractual agreements signed by Plaintiff agreeing to pay for treatment she received from Pacific Rehab belie any such contention.  Furthermore, whether or not Plaintiff had such an understanding from her attorney is irrelevant with respect to Pacific Rehab's right to collect the debt.  Plaintiff's inclusion of the impertinent issue in her Opposition appears to be an effort to create a specter of disapproval for Pacifc Rehab and to evoke undue sympathy for Plaintiff's claim.

Furthermore, in her Memorandum in Opposition, Plaintiff continues to attempt to use the MCDCA as a mechanism for challenging the validity of the underlying debt.  Plaintiff contends that she "has never admitted the validity of the alleged debt, but in fact has plead[ed] just the opposite."  (Memo. Opp. p. 35).  As explained in Kodeck's Motion to Dismiss, the appropriate forum for challenging the validity of the underlying debt sought by Pacific Rehab was the District Court of Maryland for Baltimore City, where the debt collection suit was initiated.  This Court has stated in clear terms that an action alleging a violation of the MCDCA, based upon

alleged improper debt collection methods, is <u>not</u> a proper mechanism for challenging the underlying debt. *Fontell v. Hassett*, 2012 U.S. Dist. LEXIS 89754, at *19-20 (D. Md. June 28, 2012). Moreover, the filing of a lawsuit to collect a debt for unpaid physical therapy services is not an improper method of debt collection as contemplated by § 14-202(8) of the MCDCA. *Id.* at *42.

The applicable facts and law reveal that Plaintiff attempts to capitalize on immaterial technicalities of corporate structure and/or other non-material flaws in the debt-creating instruments and/or the debt collection action, coupled with misstatements of the application of the operable State and federal statutes, in an attempt to recover some unspecified damages. Taking Plaintiff's allegations as true, they do not reflect deceptive and/or abusive debt collection practices the federal and/or State debt collection statutes are intended to prevent, and they fail to support a valid claim. Furthermore, Plaintiff's attempts to argue that Ari J. Kodeck, Esquire was required to be licensed under the MCALA, that Kodeck committed any act with knowledge of (or reckless disregard for) the falsity of the existence of a right in violation of the MCDCA and/or that Kodeck is not exempt from the MCPA fail as a matter of law. Plaintiff's Amended Complaint should, therefore, be dismissed with prejudice.[2]

## II.   ARGUMENT

### A.   COUNT II - MARYLAND CONSUMER DEBT COLLECTION ACT (MCDCA)

#### 1.   Kodeck did not Institute Debt Collection Activity on Behalf of a Non-Existent Corporate Entity and/or Violate the MCDCA with the Filing of the Debt Collection Action at Issue.

In her consolidated Opposition to Defendants' Motions to Dismiss, Plaintiff attempts to argue that she has a basis for a claim against all Defendants on the ground that the suffix "P.A."

---

[2] To the extent consistent with Kodeck's arguments in support of the requested dismissal of Plaintiff's MCDCA and MCPA claims, Kodeck adopts and incorporates herein the arguments of Co-Defendants, Pacific Rehab and Fradkin and Weber. Kodeck is not sued for alleged violations of the FDCPA.

was utilized in the body of the Assignment of Benefits when referring to St. Paul & Biddle Medical Associates, and that St. Paul & Biddle Medical Associates, P.A. was an entity with a forfeited charter.   As addressed in Section II. A. of Pacific Rehab's Reply, at pages 5-8, Plaintiff's attempt to capitalize on a mere typographical mistake in the Assignment as grounds for alleged unlawful debt collection activity is without merit.   For the sake of brevity, Kodeck adopts and incorporates Pacific Rehab's "misnomer" argument as if fully set forth herein.

Plaintiff's flippant assertion on page 16 of her Opposition that Kodeck's misnomer argument "missed the mark by a wide margin" is unfounded and is merely an attempt to obfuscate the issues at bar.   In response to the allegations in the original Complaint, Kodeck demonstrated that the debt collection action was filed in the name of registered trade names of Pacific Rehab, the creditor, to which Plaintiff apparently now concedes.   Kodeck further demonstrated that a mere alleged error in the identity of the corporate name of the creditor does not constitute grounds to allege a violation of the MCDCA.

In her Amended Complaint, Plaintiff turned her focus away from the corporate names/trade names identified in the debt collection action, and turned her attention to the use of "P.A." in the name of St. Paul & Biddle Medical Associates in the body of the Assignment. However, this change in the factual foundation of her alleged claim is immaterial to the analysis. As demonstrated in Kodeck's Motion to Dismiss and Memorandum of Law in Support thereof, the focus of a claim for an alleged violation of the federal or State debt collection statutes is on the existence of misleading and deceptive debt collection practices.

In the case at bar, the facts reflect that there was no doubt regarding to whom Plaintiff owed the debt or for what purpose it was being collected.   Plaintiff has not alleged anywhere in her Amended Complaint that she was confused or misled about the debt upon which the contract action instituted by Kodeck was based.   The underlying contractual agreements, and the

4

subsequent suit brought to enforce them, were in no way designed or intended to deceive Plaintiff regarding the creditor or the nature of the debt for physical therapy services.  Plaintiff cannot, as a matter of law, base a claim against Kodeck for an alleged MCDCA violation based upon a mere mistake by the creditor in using "P.A." in the Assignment.  As a matter of law, such an error did not cause any confusion on behalf of the debtor as to the status or nature of the debt or rise to the level of a knowing violation under the MCDCA.

> **2.**    **Plaintiff's Allegation that Kodeck Filed a Time-Barred Debt Collection Action in Violation of the MCDCA is Unsupported by the Law and the Facts.**

Plaintiff's argument that Defendants engaged in unlawful debt collection activity because the action to collect the debt was allegedly time-barred is circular, illogical and legally unsupported.  Defendants demonstrated that the Agreement and the Assignment signed by Plaintiff satisfied the legal requirements of a contract under seal subject to a twelve-year limitations period.  Plaintiff acknowledges that the debt collection action was filed within twelve years.  (Memo. Opp. pp. 7-9).

It is further undisputed that the Agreement and the Assignment contained a provision waiving limitations.  Plaintiff's claim, citing *Ahmad v. Eastpines Terrace Apartments, Inc.*, 200 Md. App. 362 (2011), that a waiver of limitations clause is void as a matter of public policy and, therefore, supports a claim that Kodeck violated the MCDCA is also flawed.  The Court of Special Appeals of Maryland, the State's intermediate appellate court, stated in dicta in *Ahmad* that contract language permanently waiving limitations is void as a matter of public policy. *Id.* at 374-75.  The *Ahmad* opinion was issued in September 2011, and the *Ahmad* Court noted that the issue was a matter of first impression in Maryland. *Id.*

The Agreement and the Assignment by which Plaintiff agreed to pay for medical services provided by Pacific Rehab were executed in 2005. (Memo. Opp. p. 7).  The debt collection

action at issue was filed in January 2011.  (Memo. Opp. p. 8).  Thus, at the time the contracts governing payment for medical services were executed, and at the time the debt collection action was initiated, Maryland law had never addressed the enforceability of contract clauses waiving limitations.  Thus, it was entirely appropriate for Defendants to have a good faith belief when the action was filed that the debt could legally be collected.  Furthermore, it is undisputed that, after Plaintiff asserted a limitations defense in her amended answer to the debt collection action in March 2012 (which was filed by her current counsel), the claim was voluntarily dismissed by Pacific Rehab in July 2012.  (Memo. Opp. p. 11).  The facts, therefore, lead to an inescapable conclusion that the debt collection action did not constitute an unlawful act to collect a debt known to be time-barred.

Additionally, there is no legal support for Plaintiff's argument that the inclusion of a limitations waiver in a contract that may be subsequently determined to be unenforceable renders a contract under seal moot and unenforceable.  The Agreement and the Assignment clearly reflect the intent of Pacific Rehab to remove the debt from the general three-year limitations period, to which Plaintiff agreed when she executed the contracts opposite the word "(SEAL)".

The rationale behind an extended limitations period in the context of medical care provided for a personal injury claimant is pertinent.  As a general proposition, individuals suffering personal injury as a result of the alleged negligence of another receive treatment beginning at the time of injury, which commences the limitations period for the health care provider to be paid for treatment rendered.  However, a claim against a tortfeasor to recover for the personal injury is often not filed until nearly three years after the occurrence.  Many healthcare providers are willing to wait to be paid until the conclusion of the patient's tort claim.[3]

---

[3] As addressed herein, there is no allegation in the Complaint that Pacific Rehab agreed to forgive the debt in the event Plaintiff failed to recover in her personal injury claim.

However, in the absence of an extended limitations period to collect for unpaid medical treatment, a collection action would have to be filed against the patient while his/her personal injury claim remained pending, and often just after the action had commenced. This Catch-22 leads to the desire to reach agreements with patients to extend the general three-year limitations period to seek payment for medical services.

Under the circumstances, executing a contract under seal that contains a general waiver of limitations is not a contrary indication voiding the application of a twelve-year limitations period, as Plaintiff baldly avers. Plaintiff's effort to bootstrap an argument to conclude the debt was subject to a general three-year limitations period and, thus, the debt collection action was untimely, is incongruous, and ignores general principles of contract severability. *See Etokie v. Carmax Auto Superstores, Inc.*, 133 F. Supp. 2d 390, 394 (D. Md. 2000); *Hughes v. Schaefer*, 294 Md. 653, 663 (1982); *Hebb v. Stump, Harvey and Cook, Inc.*, 25 Md. App. 478, 491 (1975). At the very least, a good faith belief and/or legal argument existed when the debt collection action was filed that the debt was legally collectable. The mere fact that a debtor may have a potential limitations defense to the claimed debt does not equate with a violation of the MCDCA. *See Fontell v. Hassett*, 870 F. Supp. 2d 395, 408 (D. Md. 2012) (holding that "[w]here the law's application to the facts is unclear, however, as appears to have been the case with the limitations period, and Defendants had a meritorious argument that the limitations period had not passed, it would be proper for Defendants to bring suit to resolve such issues").

The facts at bar cannot support a conclusion by the trier of fact that Defendants failed to make reasonable inquiry as to whether the limitations period was tolled or extended before filing the debt collection action and, therefore, engaged in unfair or unconscionable means to collect a debt. Plaintiff's claim that Defendants unlawfully attempted to collect a time-barred debt fails as a matter of law.

The arguments above apply equally to all Defendants and all claims asserted by Plaintiff. As addressed in Kodeck's Motion to Dismiss and herein, Kodeck is only sued for an alleged violation of the MCDCA, which has a heightened burden of proof as compared to the FDCPA. To prove an MCDCA claim, a Plaintiff must prove that the Defendant acted with actual knowledge of, or reckless disregard for, the falsity of the existence of a right. *See Kouabo v. Chevy Chase Bank*, 336 F. Supp. 2d 471, 475 (D. Md. 2004).

Conspicuously absent from Plaintiff's Opposition is any argument that the effort by Kodeck as counsel to Pacific Rehab to collect a potentially stale debt constituted a violation of the MCDCA. Plaintiff's arguments in opposition to Defendants' Motions are limited to a discussion of the FDCPA, which Kodeck is not alleged to have violated. (*See* Memo. Opp. pp. 26-28).

### 3.   Plaintiff has Failed to State a Claim that Kodeck, an Exempt Law Firm, Violated the Licensing Requirements of the MCALA.

Plaintiff baldly alleges in her Amended Complaint that Kodeck violated the MCDCA by failing to obtain the appropriate licensing required under the Maryland Collection Agency Licensing Act (MCALA), codified in Md. Code, Business Regulations Article § 7-101, *et seq.* However, as addressed in Kodeck's Motion to Dismiss, the MCALA exempts from its collection agency licensing requirements "a lawyer who is collecting a debt for a client" and who does not have an employee who is not a lawyer that is "engaged primarily to solicit debts for collection or primarily makes contact with a debtor to collect or adjust a debt through a procedure identified with the operation of a collection agency." Md. Code, Business Regulations Article § 7-102(9).

Plaintiff's contentions in her Memorandum in Opposition that Kodeck has "misread" the statute, that the issue is a matter of disputed facts and that Kodeck bears the burden of proving whether the statutory exemption applies are simply false. (Memo. Opp. p. 34). Rather, it is

incumbent on Plaintiff to specifically allege facts in a complaint that, if proven, would satisfy a showing that Kodeck does not fall within the statutory exemption under the MCALA by employing non-lawyers engaged primarily to solicit the collection of debts.[4] Conspicuously absent from Plaintiff's Amended Complaint is any allegation that Kodeck employed any such individuals.  Having asserted no facts to remove Kodeck from the statutory licensing exemption, Plaintiff's Amended Complaint fails, as a matter of law, to state a claim for which relief may be granted.

> **4.   Plaintiff Has Not, and Cannot, Set Forth Facts to Establish a *Prima Facie* Case that Kodeck's Misstatement of the Amount of the Debt in the Complaint Violated the MCDCA.**

Kodeck demonstrated in its Motion to Dismiss that the error in the *ad damnum* clause in the debt collection action could not, as a matter of law, support an alleged MCDCA violation when the attached exhibits to the complaint clearly reflected the correct amount of the debt.  In her Opposition, Plaintiff attempts to assert that Kodeck's argument fails because it raises a question of fact on an issue for which Kodeck bears the burden of proof and for which discovery is necessary for a judicial determination. (Memo. Opp. p. 41).  Plaintiff erroneously claims that a mere bald allegation that Kodeck "intentionally and knowingly filed a lawsuit seeking an inflated amount of damages from the Plaintiff" is sufficient to overcome a Motion to Dismiss.  (*Id.*)  However, it is inescapable that no trier of fact could reasonably conclude that an incorrect amount of principal debt sought in a debt collection suit, for which the account statements representing the correct amount of debt were attached as exhibits, constituted an intentional and knowing inflation of damages rising to the level of a knowing violation under the MCDCA.

---

[4] It comes as no surprise that Plaintiff's Amended Complaint does not allege that Kodeck did not qualify for the exemption under the MCALA, because Ari J. Kodeck, Esquire, was a solo practitioner who did not have any non-lawyer employees engaged primarily to collect debts.  Any contrary allegation would constitute a violation of Rule 11.

Moreover, contrary to Plaintiff's assertions, this Court has granted motions to dismiss for failure of a plaintiff to sufficiently plead the "knowledge" requirement under the MCDCA. *See Marchese v. JP Morgan Chase Bank*, 2013 U.S. Dist. LEXIS 3349, at *24 (D. Md. Jan. 8, 2013); *Murray v. Bierman, Geesing, Ward & Wood, LLC*, 2012 U.S. Dist. LEXIS 139365, at *13-14 (D. Md. Sept. 27, 2012); *Shah v. Collecto, Inc.*, 2005 U.S. Dist. LEXIS 19938, at *35 (D. Md. Sept. 12, 2005).

Plaintiff's attempt to spurn Kodeck's discussion of the bona fide error defense under the FDCPA as a means of demonstrating Plaintiff's inability to state an MCDCA claim is misplaced. (Memo. Opp. p. 41). As addressed in Kodeck's Memorandum of Law in Support of its Motion to Dismiss, because the FDCPA is a strict liability statute, it applies a lower pleading threshold and evidentiary standard than the "knowledge" requirement under the MCDCA. In the absence of MCDCA cases discussing a claimed clerical error, it is instructive that Courts have considered such an error to fall within the bona fide error defense under the FDCPA, which exempts a defendant from liability. It logically follows that a clerical error such as miscalculating or misstating the amount of a debt would not constitute a violation of the MCDCA. Accordingly, Plaintiff's Amended Complaint fails to state a claim under the MCDCA for which relief may be granted.

**5.      Plaintiff Cannot Allege Facts to Support an Allegation that Kodeck Committed a "Knowing" Violation of the MCDCA.**

On page 39 of her Memorandum in Opposition, Plaintiff attempts to assert that, to establish a *prima facie* case for an alleged violation of the MCDCA, she "need only establish that the filing of and litigating the lawsuits by Defendants was intentional and knowing, which is not credibly in dispute, especially since the Defendants repeatedly filed similar lawsuits against other consumers." Plaintiff grossly misconstrues the "knowledge" requirement by taking the position

that every debt collection suit containing a mistake necessarily supports a claimed violation of the MCDCA.  Moreover, Plaintiff erroneously contends that the bald, conclusory assertions in her Amended Complaint of an "intentional and knowing" violation allegedly committed by Kodeck, essentially parroting the language of the statute, satisfy the pleading requirements.

As demonstrated herein, and in Kodeck's Motion and Memorandum of Law in Support thereof, the alleged minor errors committed by Kodeck in filing the debt collection suit against Plaintiff, to collect money for services Plaintiff admits she received and never rendered payment for, are not illustrative of the abusive and deceptive debt collection practices the MCDCA was designed to guard against.  In stark contrast to cases involving violations of the federal and State debt collection statutes, in the case at bar, there was never any doubt about the identity of the creditor or the services underlying the debt, and Plaintiff has presented no facts in support of her bald allegations that Kodeck filed or maintained suit against her with "knowledge" that there was no right to do so.

Plaintiff alleges that Kodeck's reliance on this Court's decision in *Kouabo v. Chevy Chase Bank*, 336 F. Supp. 2d 471 (D. Md. 2004) is misplaced because the Judge in that case denied the Defendant law firm's motion for summary judgment.  (Memo. Opp. pp. 40-41). Contrary to Plaintiff's assertions, *Kouabo* was cited in Kodeck's Motion merely to offer an interpretation of the "knowledge" requirement in the context of an alleged violation of the MCDCA.  The *Kouabo* case was not presented as containing analogous facts or offered to bolster Kodeck's specific arguments in support of dismissing the Amended Complaint for failure to state a claim upon which relief may be granted.  As a result, Plaintiff's assertion that Kodeck attempts to rely upon contrary authority and concomitant analysis of *Kouabo* is disingenuous.

In fact, the circumstances in *Kouabo* are clearly distinguishable from the facts of the case at bar.  In *Kouabo*, the plaintiff had reached a settlement agreement with the creditor and was

making payments in accordance with the agreement when the law firm retained by the creditor erroneously filed suit to collect the debt, without the knowledge or consent of the creditor. *Kouabo*, 336 F. Supp. 2d at 473.  In contrast, in the instant case, it is undisputed that Plaintiff never made any payments toward the debt she incurred from medical treatment rendered by Pacific Rehab.  Kodeck did not commit a knowing violation of the MCDCA by filing a contract action, at the request of Pacific Rehab, to collect a debt that was indisputably owed by Plaintiff.

## II.  COUNT III - MARYLAND CONSUMER PROTECTION ACT (MCPA) – Plaintiff has Failed to State a Claim that Kodeck is not Entitled to the Unambiguous Exemption for Lawyers Under the MCPA.

Plaintiff attempts to assert in her Memorandum in Opposition that the exemption for lawyers under the MCPA does not apply when the alleged violation of the MCPA is based upon an alleged violation of the MCDCA.  Plaintiff argues that "[s]ince lawyers . . . who engage in the business of debt collection can be held liable under the MCDCA, it follows that the legislature also intended that they would be liable under [the] MCPA when the basis of liability is the violation of the MCDCA."  (Memo. Opp. p. 44).  Plaintiff's illogical argument is clearly contrary to the plain language of the MCPA, which provides an unambiguous exemption for lawyers. Plaintiff is merely attempting to circumvent the plain meaning of the statute and/or to re-write the statute to bootstrap an alleged right to claim attorney's fees, a remedy permitted under the MCPA, in an action alleging a violation of the MCDCA.

It is a well-established principle of statutory construction that the plain meaning of a statute governs a Court's interpretation of it.  *See Bd. of Cnty. Comm'rs v. Marcas, L.L.C.*, 415 Md. 676, 685 (2010); *Lockshin v. Semsker*, 412 Md. 257, 274 (2010).  Furthermore, the Legislature is presumed to know what it has written, and "it is not [the] province [of the Court] to rewrite a statute in order to cure a legislative oversight."  *Bd. of Educ. v. Marks-Sloan*, 428 Md. 1, 48 (2012); *McGlone v. State*, 406 Md. 545, 559 (2008) (stating that judges "interpret the

words enacted by the Maryland General Assembly; [they] do not rewrite the language of a statute to add new meaning" (citation omitted)); *Simpson v. Moore*, 323 Md. 215, 223 (1991) (concluding that "a court is not wholly free to rewrite a statute merely because of some judicial notion of legislative purpose" (quotation omitted)).   This Court should not adopt Plaintiff's forced interpretation of the relevant provisions of the MCPA, which is contradictory to the plain meaning of the statutory language.   Plaintiff's claim in Count III of the Amended Complaint, therefore, fails to state a claim against Kodeck and should be dismissed, with prejudice.

## III.   CONCLUSION

As demonstrated herein, Plaintiff's Amended Complaint is a blatant attempt to derive a benefit from mere technical errors in a contract action, which was ultimately voluntarily dismissed, instituted to collect a debt Plaintiff admits she incurred and chose not to satisfy. Plaintiff's allegations, even if taken as true, are wholly outside of the false, deceptive, and misleading conduct sought to be prevented by State and federal debt collection statutes.   With regard to Plaintiff's request for leave to file a Second Amended Class Action Complaint, this Court should deny such a request.   Plaintiff has already taken advantage of the opportunity to reinvent the arguments set forth in her original Complaint after Defendants, in their separately filed Motions to Dismiss, highlighted the numerous flaws and inadequacies of the alleged causes of action, incurring legal expenses in the process.   Subsequent to Defendants' filing of their Motions to Dismiss, Plaintiff filed this Amended Complaint deleting the count for Malicious Use of Process, which was entirely unsupported by the facts, and significantly reformulating the bases for her remaining causes of action.   Plaintiff should not be given a second opportunity to reinvent the bases for her allegations in an attempt to overcome a preliminary dispositive motion.

For the reasons set forth herein, and in Defendant's Motion to Dismiss and Memorandum of Law in Support thereof, Defendant A.J. Kodeck, Chartered respectfully requests that this

13

Court dismiss with prejudice all claims asserted against it in Plaintiff's Amended Complaint, and requests such other and further relief this Court deems just and proper under the circumstances.

Respectfully submitted,

ECCLESTON AND WOLF, P.C.

_____/s_____
R. Scott Krause (Fed. Bar No. 23667)
krause@ewmd.com
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD  21076
410-752-7474
410-752-0611 (fax)
*Attorneys for Defendant,*
*A.J. Kodeck, Chartered*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of January, 2013, a copy of the aforegoing Reply to Plaintiff's Response to Motion to Dismiss Amended Complaint was served electronically upon:

E. David Hoskins, Esquire
The Law Office of E. David Hoskins
Quadrangle Building at Cross Keys
2 Hamill Road, Suite 362
Baltimore, Maryland 21210
*Attorney for Plaintiff*

Brian L. Moffet, Esquire
GORDON FEINBLATT LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202-3332
*Attorney for Defendant,*
*Pacific Rehab of Maryland, P.A.*

Ronald S. Canter, Esquire
The Law Offices of Ronald S. Canter, LLC
11300 Rockville Pike, Suite 1200
Rockville, Maryland 20852
*Attorney for Defendant*,
*Fradkin & Weber, P.A.*

____/s______________________________
R. Scott Krause